Submitted on record and appellant's brief April 29,
affirmed June 1, 1977

In the Matter of the Guardianship of Lisa Ann
Messner.
STATE ex rel WELLS, *Respondent,*
*v.*
STUMP, *Appellant.*
(No. 5085, CA 6934)

564 P2d 1088

H. R. DeSelms, Lincoln City, filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

PER CURIAM.

**PER CURIAM.**

In this appeal from the disallowance of certain charges made against a guardianship, we agree with and adopt as our own the opinion of the trial judge, which provided:

"The first annual account and report in this guardianship which was due February 21, 1976 was finally filed with the court on May 27. In it the guardian reports the expenditure of $2,437.77 for the purchase of a car for herself, and her withdrawal of $840.90 baby sitting fees and $2,827.18 as living expenses. She seeks a further order authorizing the disbursement to her of $4800.00 for the ensuing year as living and baby sitting expenses.

"The conduct of the guardian in the handling of the fiscal affairs of this guardianship shows a shocking lack of understanding as to her obligations as a mother and a fiduciary. The guardian's appointment was made to protect and preserve the assets of the ward. She stands in a fiduciary and trust relationship and is held to high standards with respect to the guardianship funds. She is required to strictly account for all of the money which has been received by her in her official capacity and is prohibited from obtaining any undue profit or advantage from her relationship with the ward. She is bound to protect the interests of the ward and must not place herself in a position in which her own personal interest conflict with that of the ward.

"In this case, the mother of the ward is the guardian. In her capacity as the natural parent of this child, she is legally obligated to support and maintain the child during its minority. The child was almost three and a half years old at the time the guardianship was instituted. It is presumed that during this period the mother supported and maintained her daughter. The mere fact that a guardianship has been instituted, does not change the obligation of the mother to support her child.

"The evidence disclosed Linda Stump has reversed the role, and expects her child to support her. Her only explanation for invading the ward's funds was that she needed the money. The payment to herself of living and baby sitting costs and loans totaling $3,668.08 was clearly improper. By the same token, the expenditure of

$2,437.77 of the ward's funds for the purchase of a car for herself was unauthorized and improper.

"The guardian also seeks the allowance of $1,072.00 for attorney fees. The court has examined the file, as well as the justification submitted therefor and heard the testimony of the attorney and his witness. The guardianship is not complex and does not appear to have required other than the usual procedures for its establishment. All of the assets are in cash, and the inventory and account have been simple matters. It appears that the attorney is seeking to recover fees in his capacity as attorney for doing the accounting work of the guardian. Apparently he handled the funds, rather than the guardian. He is not entitled to payment as attorney for the estate beyond that capacity. The sum of $600.00 is a reasonable amount to be allowed for the legal work which has been performed.

"\* \* \* \* \*

"IT IS ORDERED that the guardian's expenditure of $6,105.85 for a car, living and baby sitting expenses is disallowed as improper and must be reimbursed to the guardianship estate. Failure to do so will justify her removal as guardian and replacement by a person who will initiate appropriate proceedings for recovery of these funds.

"IT IS FURTHER ORDERED that the guardian be authorized to disburse from the guardianship account, the sum of $600.00 on account of attorney fees.

"IT IS FURTHER ORDERED that no further disbursements be made from the guardianship account without a prior court order.

"\* \* \* \* \*."

Affirmed.