In the Matter of Allen E. GRAMZA, Debtor.

Kathleen J. JOHNSON, Personal Representative of the Estates of Donald Gramza and Joan Gramza, Plaintiff,

v.

Allen E. GRAMZA, Defendant.

Bankruptcy No. 81–00435.
Adv. No. 81–0236.

United States Bankruptcy Court, E. D. Wisconsin.

Aug. 21, 1981.

---

Charles F. Polidori, Polidori & Bussler, Milwaukee, Wis., for plaintiff.

Arthur B. Nathan, Nathan, Kremkoski & Finley, Racine, Wis., for debtor.

## MEMORANDUM DECISION

C. N. CLEVERT, Bankruptcy Judge.

Kathleen J. Johnson filed this action pursuant to 11 U.S.C. § 523(a)(4) in her capacity as successor personal representative/executor of the decedent estates of Donald and Joan Gramza to determine the dischargeability of her $314,076.49 judgment which was taken against the debtor in the probate branch of the Racine County, Wisconsin, Circuit Court, on October 7, 1980. The debtor admitted in his answer that the plaintiff took the judgment against him; that he acted as personal representative/executor of the estates of Donald and Joan Gramza and that the accounts in those estates were short of funds. However, he denied that the shortage in the accounts was a result of any act of fraud or defalcation while he was acting as fiduciary.

Johnson has since filed the summary judgment motion which is presently before the court, along with copies of court records which, in summary, show the following:

1. Racine Circuit Court Judge Jon B. Skow, sitting in probate, referred the matter of the estates of Donald J. Gramza and Joan L. Gramza, deceased, to Wayne J. Marik on November 21, 1979, to determine the assets of each decedent, the administration and/or disposition of those assets and any other matters of fact related to or arising out of the general scope of those inquiries.

2. Marik found that the debtor failed to account for $164,177.05 of assets belonging to the estates of Donald and Joan Gramza.

3. On the basis of Marik's findings Judge Skow entered judgment against the debtor for the principal sum not accounted for plus interest and fees for a total of $314,076.49.

4. The debtor was heard and was fully represented during the course of the Circuit Court proceedings.

\*　　\*　　\*　　\*　　\*　　\*

An obligation owed by an individual debtor may be excepted from discharge pursu-

ant to 11 U.S.C. § 523(a)(4) if created by fraud or defalcation while the debtor was acting in a fiduciary capacity. And summary judgment may be entered on the motion of a party pursuant to Rule 756 Fed.R. Bankr.P. and Rule 56 Fed.R.Civ.P. where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

In view of the above, it is clear to this court that the debtor defaulted while acting as a fiduciary and the plaintiff is entitled to summary judgment. The Circuit Court's judgment was based upon the debtor's failure to account for funds which came into his possession as personal representative of the estates of Donald and Joan Gramza. *See* § 857.03 Wis.Stat. and § 862.-01 Wis.Stat. et seq. And a personal representative/executor's failure to account for funds is unquestionably a defalcation. Therefore, the debtor is now foreclosed by the doctrine of res judicata from accounting for the use or distribution of estate funds and otherwise litigating issues which were or should have been raised in the state court proceedings. 1B *Moore's Federal Practice,* ¶ 0.410–0.411 (2d ed. 1980).

Based upon the foregoing, summary judgment is hereby entered in favor of the plaintiff and it is further Ordered, Adjudged and Decreed that the judgment debt owed to said plaintiff by Allen E. Gramza, the above-named debtor, in the amount of $314,076.49 is nondischargeable.