**In re James L. BYRD, Debtor.**

**AETNA INSURANCE COMPANY, a Connecticut Corporation, Plaintiff,**

**v.**

**James L. BYRD, Defendant.**

**Bankruptcy No. 80–00823.**
**Adv. No. 80–0082–R.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

Nov. 2, 1981.

Charles H. Cuthbert, Jr., Petersburg, Va., for plaintiff.

T. J. Markow, Shaia, Stout & Markow, P. C., Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon a filing of a Complaint by Aetna Insurance Company, by counsel, to determine the dischargeability of a debt and the validity, priority and extent of a lien. Upon the filing of an Answer by James L. Byrd, the Debtor, by counsel, and upon the holding of a trial and after submission of briefs and argument thereon, the Court makes the following determination.

## STATEMENT OF THE FACTS

On September 12, 1977, James L. Byrd (Byrd), Debtor in this proceeding, was appointed as committee for his father, Garnie Lee Byrd, by the Circuit Court of the City of Petersburg. Aetna Insurance Company (Aetna) entered into a surety bond on behalf of Byrd.

Byrd's father's estate consisted of four houses and two lots. One house served as a family home and Byrd resided there both before he was appointed committee and after he was appointed. Byrd rented the other houses, and he left his job in late 1977 to take care of the properties.

Byrd kept few records of the estate, and he continually commingled his funds with those of the estate. On August 22, 1979, the Circuit Court of the City of Petersburg removed Byrd from his position as committee and ordered an accounting. Vincent P. Hardy (Hardy) was substituted as committee. Hardy sued Byrd and Aetna in the Circuit Court for the City of Petersburg for $16,177.00, alleging Byrd owed the money to the estate as a result of his failure to account for those funds. Hardy obtained a judgment against Byrd for $12,000.00. Aetna, the surety on Byrd's bond, paid the judgment and was subrogated to the rights of Hardy against Byrd under § 49–27 of the *Virginia Code.* On January 16, 1980, Aetna recorded its judgment in the Clerk's Office of the City of Petersburg and created a lien on the real property in Byrd's name. Byrd filed a petition in bankruptcy on June 10, 1980, and claimed a homestead exemption in his real property located in the City of Petersburg. *Virginia Code* § 34–5 states that a homestead exemption shall not protect properties from liabilities incurred by a fiduciary. Byrd did not put all of the money owing to the estate in the bank, but spent some of the monies directly on the houses; however, he was unable to specify the amounts spent on the estate from estate funds not placed in the bank account. Byrd admitted that he used some of the funds of the estate to pay for personal expenses.

Boston M. Lackey, a certified public accountant, was appointed by Hardy to assist in reviewing the estate. Lackey submitted his initial report to the Circuit Court of the City of Petersburg in late 1979. He detailed the procedures he used and the results he found in reviewing the estate's finances. Lackey, working with Byrd, attempted to account for the money which Byrd owed the estate and which Byrd spent. Lackey testified before this Court that while James Byrd was the committee for his father, the estate should have received approximately $31,657.42. The bank, which held the estate's account, received only $21,516.90 that was credited to the account. $10,140.52 is unaccounted for in

Lackey's estimate of what the estate should have received. In addition to the funds which came into the estate during administration, some money was on hand when Byrd qualified as committee.

After crediting Byrd with several expenditures including transportation costs, federal income tax payments, and out-of-pocket expenses he had made for the estate, Lackey added the cash which the estate had on hand when Byrd was appointed as committee to that which the estate should have received while Byrd served as committee, and he concluded that there was no accounting for $16,177.10 which was owing to the estate.

### CONCLUSIONS OF LAW

A liability created by defalcation is not dischargeable in bankruptcy.[1] 11 U.S.C. § 523(a)(4). This Court only needs to consider two questions in order to determine whether the debt Byrd owes Aetna is non-dischargeable. *Carey Lumber Company v. Bell*, 615 F.2d 370, 376 (5th Cir. 1980). It must decide whether the debts in question arose while Byrd was acting in a fiduciary capacity. If so, then the Court must decide whether the debts in question were incurred by fraud, defalcation, embezzlement, or misappropriation. *Id.*

█ Byrd clearly stood in a fiduciary relationship to his father's estate. He was appointed as his father's committee. By statute, in Virginia a committee is a fiduciary.[2]

█ Likewise, it is clear that the liability in question was incurred by defalcation.

Byrd failed to account for money he received as committee. Lackey estimated that Byrd failed to account for $16,177.00 which should have been on hand when Byrd was appointed committee and which should have been received by the estate between the time when Byrd was appointed committee and when he was removed from his position by the Circuit Court for the City of Petersburg. Byrd testified that he did not know how much of the estate's money he used for his own personal expenses. Byrd admitted he commingled his monies with those of the estate throughout his entire tenure.

█ It is well settled that one need not show any intentional wrongdoing by a debtor in order to establish that a debt was created by defalcation. *Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510, 511 (2d Cir. 1937); *In re Kawczynski*, 442 F.Supp. 413, 418 (W.D.N.Y.1977); *First Citizens Bank & Trust Co. v. Parker*, 225 N.C. 480, 35 S.E.2d 489, 492 (1945). Defalcation includes the failure by a fiduciary to account for money he received in his fiduciary capacity. *First Citizens Bank & Trust Co.*, 35 S.E.2d at 492. It is sufficient if the misrepresentation is due to negligence or ignorance. *Central Hanover Bank & Trust Co.* at 511. It is irrelevant whether the default by the fiduciary was innocent. *Id.*

█ Aetna should recover the entire $12,000.00 which the Circuit Court required it to pay as surety on Byrd's behalf. As surety, upon payment of Byrd's debt, Aetna was substituted to all of the rights of the committee for reimbursement for the amounts paid.[3] *In re Worley*, 251 F.Supp. 725, 727

---

1. "A discharge under §§ 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).

2. "Fiduciary shall include any one or more of the following . . . (b) committee." *Va.Code Ann.*, § 8.01–2(3) (Repl.Vol.1977).

3. "§ 49–27. Surety's remedy against principal for money paid.—If any person liable as bail, surety, guarantor or endorser, or any sheriff liable for not taking sufficient bail, or the committee, heir or personal representative of any

so liable, pay, in whole or in part, such note, bond or other demand, or any judgment, decree or execution rendered or awarded on account of such liability, the person having a right of action for the amount so paid may, by motion in the court in which the judgment, decree or execution was rendered or awarded, obtain a judgment or decree against any person against whom such right of action exists for the amount so paid, with interest from the time of payment, and five per centum damages on such amount. The person so paying, in whole or in part, any such judgment, decree or execution

(W.D.Va.1966). The surety is entitled to collect the full amount he has paid on behalf of his principal. *Id.* at 728. *See also, Dickenson v. Charles,* 173 Va. 393, 4 S.E.2d 351 (1939).

■ Aetna obtained a judgment and docketed a lien on the debtor's property located at 120 Virginia Avenue, Petersburg, Virginia. Byrd in his answer alleged that lien is void under 11 U.S.C. § 522(f). The Court having found that the debt evidenced by the judgment to be one arising out of a fiduciary fraud and not dischargeable also finds the debtor's claim of a Homestead Exemption in real estate situated at 120 Virginia Avenue, Petersburg, Virginia to be inferior to the said judgment.[4]

An appropriate order will issue.

---

rendered or awarded on account of such liability, or any such note, bond or other demand, shall, by operation of law, in addition to the remedy above provided, be substituted to and become the owner of all of the rights and remedies of the creditor for the enforcement and collection of the amount or amounts so paid, and shall be deemed the assignee thereof. Executions, or other legal process to which the principal creditor was entitled, may be issued on any such judgment or decree in the name of the original creditor against the person primarily liable for the benefit of the person secondarily liable to the extent to which he has satisfied the original creditor."

4. "Such exemption shall not extend to any execution order or other process issued on any demand in the following cases ... (3) For liabilities incurred by any public officer or officer of a court, or any fiduciary, or any attorney at law for money collected." *Va.Code Ann.,* § 34–5 (Rep.Vol.1976).