**In re George R. KLEPPINGER, Sr., Debtor.**

**Lorraine KLEPPINGER, Plaintiff,**

v.

**George R. KLEPPINGER, Sr., Defendant.**

**Bankruptcy No. 5–81–00787.**
**Adv. No. 5–82–0024.**

United States Bankruptcy Court,
M.D. Pennsylvania.

Aug. 18, 1982.

---

W.J. Krencewicz, Shenandoah, Pa., for Lorraine Kleppinger.

Joseph Velitsky, Summit Hill, Pa., for debtor George Kleppinger.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

In this action we determine the dischargeability of a debt under 11 U.S.C. § 523(a)(4) of the Bankruptcy Code. That section provides that a discharge in bankruptcy does not relieve an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement or fraud.

The daughter of the debtor, Sharon Kleppinger, died as a result of injuries sustained in a car accident occurring in 1975. The debtor, as Sharon's personal representative, commenced a wrongful death action in the Court of Common Pleas of Schuylkill Coun-

ty, Pennsylvania, on behalf of himself and Sharon's mother whom the debtor had previously divorced. The jury awarded a verdict of $9,000.00, which entitled Mrs. Kleppinger to a $3,000.00 share. The debtor failed to pay Mrs. Kleppinger and has not accounted for the funds. He filed for bankruptcy on October 6, 1981.

■ Section 523 of the Bankruptcy Code provides that certain debts of individuals are excepted from a discharge in bankruptcy. Section 523(a)(4) states that "(a) discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." In objecting to the dischargeability of a debt the burden of proof is on the party seeking the exception to discharge. *Schlecht v. Thornton,* 544 F.2d 1005, 1006 (9th Cir.1976); *Household Finance Corp. v. Danns,* 558 F.2d 114, 116 (2d Cir.1977). The exceptions to discharge are narrowly construed against the creditor and in favor of the debtor. *In Re Vickers,* 577 F.2d 683, 687 (10th Cir.1978). In this action the plaintiff contends that the debt is not dischargeable since it arose through the defalcation of the defendant while he was acting in a fiduciary capacity.

■ Pennsylvania's Rules of Civil Procedure provide who is entitled to bring an action for wrongful death in the state. Excluding exceptions which are not pertinent here, Rule 2202(a) provides that "an action for wrongful death shall be brought only by the personal representative of the decedent for the benefit of those persons entitled by law to recover damages for such wrongful death." The term fiduciary under Pennsylvania law "(i)cludes personal representatives, guardians, and trustees, whether domiciliary or ancillary, individual or corporate, subject to the jurisdiction of the orphans' court division." 20 Pa.Cons.Stat. § 102. Although the debtor is arguably not subject to the jurisdiction of the orphans' court division, *see Pozzuolo Estate,* 433 Pa. 185, 249 A.2d 540 (1969), we nonetheless find that he is a fiduciary. Due to the

non-exhaustive nature of the list of fiduciaries enumerated in § 102 this result is not precluded. Our finding that the debtor is a fiduciary is supported by the Pennsylvania Rules of Civil Procedure governing wrongful death actions which indicate that the interests of beneficiaries under such actions are paramount to the interests of the representatives bringing suit. Rule 2202(a) ("an action for wrongful death shall be brought only by the personal representative of the decedent *for the benefit of those persons entitled by law to recover damages* for such wrongful death," (*emphasis added*)); Rule 2203(a) (providing for the removal of a plaintiff in a wrongful death action who fails to protect adequately the interests of the beneficiaries of a potential award); Rule 2206(d) (providing that after a court ordered apportionment of damages in a wrongful death action the defendant may pay the judgment award to the plaintiff who shall hold the funds as trustee for the beneficiaries).

Although we have established that the debtor was a fiduciary, a determination of the non-dischargeability of a debt under the pertinent provisions of § 523(a)(4) also requires a finding of defalcation. Defalcation includes the failure by a fiduciary to account for money he received in his fiduciary capacity. *Aetna Insurance Company v. Byrd (In Re Byrd)*, 15 B.R. 154, 156 (Bkrtcy. E.D.Va.1981); *Rhode Island Lottery Commission v. Cairone (In Re Cairone)*, 12 B.R. 60, 63 (Bkrtcy.D.R.I.1981); *Johnson v. Gramza (In Re Gramza)*, 13 B.R. 733, 735 (Bkrtcy.E.D.Wis.1981). At trial the debtor did not present any testimony explaining his failure to pay Mrs. Kleppinger her $3,000.00 share of the judgment award. Consequently, the debtor falls squarely within the language of § 523(a)(4) and the $3,000.00 debt will be ordered non-dischargeable.

This opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.