In re Betty Jo MEEK, Debtor.

**WESTERN SURETY COMPANY, a foreign corporation, Plaintiff,**

v.

**Betty Jo MEEK, Defendant.**

**Bankruptcy No. 681–06259.**
**Adv. No. 682–6365.**

United States Bankruptcy Court,
D. Oregon.

Sept. 21, 1982.

William P. Haberlach, Medford, Or., for plaintiff.

Allen G. Drescher, Ashland, Or., for defendant.

## MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

Plaintiff, Western Surety Company, seeks determination that an obligation due it from the debtor herein, Betty Jo Meek, is nondischargeable in her bankruptcy as a debt for a defalcation while the debtor was acting in a fiduciary capacity within the scope of 11 U.S.C. Section 523(a)(4).

The debtor had been appointed conservator of her minor daughter's estate pursuant to Sections 126.157–126.413 of the Oregon Revised Statutes (O.R.S.) under the jurisdiction of the Josephine County Circuit Court. The conservatorship was occasioned by the accidental death of the child's father and consisted of funds the child became entitled to upon his death. Pursuant to O.R.S. 126.237, the debtor obtained bond from the plaintiff which was conditioned upon faithful discharge of all duties of the

conservatorship trust according to law. The plaintiff, under the bond, became jointly and severally liable to the protected child for loss resulting from the conservator's failure to discharge her duties. The amount entrusted to the debtor for which she was accountable was $7,000. The debtor's capacity as conservator began on June 6, 1978 and ended on August 18, 1981 when a substitute conservator was appointed. A final account covering the period from June 6, 1978 through August 13, 1981 was required by the state court and it revealed that the conservator lost the sum of $7,000 during November, 1978 as the result of a loan which was not repaid. The conservator, who is also the debtor herein, received the sum of $8,330 from Western Surety Company, plaintiff herein, on August 13, 1981 as reimbursement of the loss with statutory interest from the date of loss. Plaintiff seeks to have the $8,330 sum determined nondischargeable in the debtor's bankruptcy.

The debtor testified at trial that she had loaned the funds entrusted to her to her then husband shortly after their marriage for use in his business. She testified that she believed that she could double the money for her daughter through this investment as was represented to her by the borrower, who disappeared and defaulted on the obligation to her. They are now divorced.

Counsel for the debtor also called as a witness a Ms. Teresa Frazier, who testified that she had also loaned money to the debtor's ex-husband for his business and that she had been paid back the $5,000 loan after a year, not by the debtor's ex-husband but by a partner of his.

The debtor contends that the loss was unintentional and was, at most, the result of her mere negligence and does not constitute a nondischargeable defalcation.

The plaintiff contends that the debtor's alleged knowledge of her ex-husband's business failures and subsequent failure to account and take action to recover from the borrower ex-husband constitute a breach of an express trust and a defalcation in her fiduciary capacity rendering the debtor's obligation nondischargeable.

Section 523(a)(4) of the Bankruptcy Code provides:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

"(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;"

This exception to discharge requires the plaintiff to establish that the obligation sought to be excepted from defendant's discharge arose from a fraud or defalcation by the defendant while acting in a fiduciary capacity.

■ The fiduciary nature of the relationship between the conservator of a minor child and the protected child is well established in Oregon law. *Matter of Guardianship of Messner*, 564 P.2d 1088, 29 Or.App. 661 (1977); O.R.S. 126.307. Oregon has an extensive statutory scheme governing conservatorships designed to insure protection of certain persons. Chapter 126 of the Oregon Revised Statutes. The defendant was appointed to protect and preserve the assets of her minor child. She stood in a fiduciary and trust relationship and is held to high standards with respect to conservatorship funds. She is required to strictly account for all of the money which she received in her official capacity and is prohibited from obtaining any advantage from her relationship with the protected minor child. She is bound to protect the interests of the protected minor child and must not place herself in a position in which her own personal interest conflicts with that of the protected minor child. *Messner*, supra, 564 P.2d at 1089; See, also, O.R.S. 126.297, which provides that transactions between conservators and their spouses are voidable absent court approval after notice. No such approval was sought or obtained.

■ The debtor clearly stood in a fiduciary relationship with respect to her daughter's conservatorship funds. The

debtor contends that the liability which is the subject of this proceeding was not incurred by defalcation. She contends that to come within the exception of Section 523(a)(4) her conduct must have been wilful. The case law indicates otherwise. It is not necessary to prove an intentional wrong by a debtor where it is shown that the debtor committed a defalcation with respect to funds held in an express trust. *In re Gonzales,* 22 B.R. 58, 9 B.C.D. 447 (Bkrtcy. App., 9th Cir.1982); *In re Byrd,* 15 B.R. 154 (Bkrtcy., E.D.Va.1981); *Matter of Polidoro,* 12 B.R. 867 (Bkrtcy., E.D.N.Y.1981). In holding certain funds which were misapplied by the subcontractor-debtor nondischargeable pursuant to Section 523(a)(4), the Bankruptcy Appellate Panel for the Ninth Circuit in *In re Gonzales,* supra, 22 B.R. 58, 9 B.C.D. at 448, stated as follows:

> "Pursuant to Section 523(a)(4) a debt is not subject to discharge if the debtor, in a fiduciary capacity, engages either in fraud or defalcation with respect to funds held in trust. In *Central Hanover Bank and Trust Co., v. Herbst,* 93 F.2d 510 (2d Cir.1937) Judge Learned Hand held that the words 'defalcation' and 'fraud' as used in Section 17(a)(4), 11 U.S.C. Section 35(4) [sic], the predecessor to current Section 523(a)(4), have different meanings. Id. at 512. In defining 'defalcation' as used in the Bankruptcy Act, Judge Hand wrote [c]olloquially perhaps the word "defalcation", ordinarily implies some moral dereliction, but in this context it may have included innocent defaults, so as to include all fiduciaries who for any reason were short in their accounts.' "

Judge Learned Hand's oft quoted interpretation of "defalcation" in *Herbst,* supra, is appropos to the case at bar. The debtor-conservator may not have intended the loss of the funds but her conduct constituted a defalcation. The circumstances of the undocumented and unstructured loan to her ex-husband give rise to at least the appearance of personal interest. That such transactions are subject to closer scrutiny under O.R.S. 126.297, discussed above, is indicative of the conflicts inherent in such transactions. Further, the debtor's failure to comply with her statutory duty to account to the court as required by O.R.S. 126.283 was compounded by her failure to notify the court of the loss promptly which served to frustrate any possible attempts to recover the lost funds. The debtor provided no accounting from June 6, 1978 until August 13, 1981 when her final account was filed. O.R.S. 126.283 requires annual accounting unless the court provides otherwise, which it did not here. The conduct of the debtor in failing to discharge her statutory duties and for failing to perform her fiduciary responsibilities to her protected daughter render the obligation incurred as the result of such failure nondischargeable.

■ Plaintiff herein paid $8,330 to the convervatorship of the protected child pursuant to the bond of fiduciary it provided to the debtor. It is subrogated to the claim of the conservatorship and its nondischargeable nature. *National Surety Co. v. Wittich,* 185 Minn. 321, 240 N.W. 888 (1932). The plaintiff is entitled to judgment for $8,330 against the debtor-defendant and determination that said judgment is nondischargeable in her bankruptcy.

This Memorandum Opinion shall constitute the Court's Findings of Fact and Conclusions of Law, and pursuant to Bankruptcy Rule 752 they will not be separately stated. Separate Judgment consistent with this Opinion shall be entered herewith with each party to bear her or its own costs and attorney fees in this proceeding. The Judgment shall bear interest at the rate of 9% per annum until paid.