**In the Matter of Thomas L. SCHARFFE, D.P.M., Debtor.**

**Betty L. PERKINS and Harry A. Perkins, Plaintiffs,**

v.

**T.L. SCHARFFE, D.P.M., Defendant.**

**Bankruptcy No. 84–01779–BE. Adv. No. 84–0363–BE.**

United States Bankruptcy Court, E.D. Michigan, S.D.

Aug. 2, 1984.

Frank M. Quinn, Bay City, Mich., for plaintiffs.

John J. Hebert, Bay City, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

STANLEY B. BERNSTEIN, Bankruptcy Judge.

The plaintiffs in this proceeding seek a determination of nondischargeability of their claim against the debtor. That claim had been liquidated under a consent judgment in the plaintiffs' medical malpractice action against the defendant in state court.

The debtor is a licensed podiatrist. Plaintiff Betty Perkins started treatment for pain in several toes on her left foot with the debtor on August 25, 1980. The initial treatment by the debtor was noninvasive in nature, *i.e.*, the placing of wedges between toes and providing insoles for her shoes. On September 9, the debtor injected the plaintiff's foot with a steroid and local anesthetic combination; within two days of that injection the plaintiff's foot displayed signs of infection.

Much of the testimony at trial concerned the circumstances surrounding the injection and the debtor's ensuing treatment. This included extensive expert testimony whether those actions conformed to the standard of care imposed upon podiatrists. This testimony was presented in support of the plaintiffs' legal argument that this debt was nondischargeable if the debtor intended to do certain acts and those acts were negligently performed so that the injury which resulted could be considered willful or malicious.

Debts arising from tortious acts are generally dischargeable in bankruptcy. The exception to that general rule is found in 11 U.S.C. § 523(a)(6):

A discharge ... does not discharge an individual debtor from any debt—

  *   *   *   *   *   *

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity; ...

The case law in this area has taken widely different views as to what constitutes "willful and malicious" under § 523(a)(6). Much of this diversion has been caused by a strained construction of the Code in situa-

tions in which the court has determined, for policy reasons, that the debt *should* be nondischargeable. Most of these unconventional cases have dealt with personal injuries caused by intoxicated drivers.[1]

An excellent construction of § 523(a)(6) was presented in *Morales v. Tanner (In re Tanner)*, 31 B.R. 338, 339 (Bankr.S.D.Fla. 1983). The plaintiff sought a determination of nondischargeability for a judgment she had received in a medical malpractice action against the podiatrist debtor. The state court had awarded both compensory and punitive damages.

The *Tanner* court found that willful, as used in § 523(a)(6), means intentional or deliberate, citing the legislative history. H.R. 95–595, 95 Cong., 1st Sess. 363 (1977), *reprinted in* [1978] U.S.Code Cong. & Admin.News 5787. As such, willfulness refers to an intentional act; a finding of negligence is not sufficient. 31 B.R. at 339. With respect to the interpretation of malicious, the court stated:

> Acts have been held to be 'malicious' pursuant to Bankruptcy Code Section 523(a)(6) if they are wrongful and without just cause or excessive, *In re La Brant,* or wrongful acts done without just cause or excuse, *In re Askew,* 22 B.R. 641 ([Bkrtcy.] M.D.Ga.1982), *Matter of Grace,* 22 B.R. 653 ([Bkrtcy.] E.D. Wis.1982). The case of *In re Donny,* 19 B.R. 354 ([Bkrtcy.] W.D.Wis.1982) held that an injury is willful and malicious if the debtor knew that an injury would be caused and proceeded in the face of this knowledge to carry out the actions which would cause injury. Personal hatred and ill will are not elements of malice pursuant to Bankruptcy Code Section 523(a)(6). *Matter of Chambers* [23 B.R. 206 (Bkrtcy.W.D.Wis.1982)].

*Id.*

The plaintiff relies on *First National Bank of Albuquerque v. Franklin (In re Franklin),* 726 F.2d 606 (10th Cir.1984). Although *Franklin* also arises in a medical malpractice context, it is distinguishable from the present proceeding.

The debtor in *Franklin* was a surgeon who was held responsible for anesthesia given to a minor during an appendectomy. The plaintiff bank was the guardian of the minor's estate. The debtor failed to obtain any medical history prior to surgery and over-anesthetized the patient. The boy suffered cardiac arrest during surgery and was severely brain damaged as a result. A default judgment awarding compensatory damages was entered in state court; a trial was held on the issue of punitive damages. Those damages were also awarded and affirmed on appeal.

The primary issue presented in *Franklin* involved the deference to be paid to state court findings in bankruptcy proceedings, *i.e.,* whether a state court judgment has res judicata or collateral estoppel effect. The discussion of willful and malicious conduct under § 17a(8) of the Act has very little applicability here because of substantive changes reflected in the legislative history to § 523(a)(6) of the Code; those changes will be discussed below.

The facts in *Franklin* presented extraordinary circumstances. Not only was the malpractice blatant and the injuries catastrophic, but the record revealed that the doctor had intentionally destroyed records to cover up his errors. Those extremes, in combination with the looser standard for nondischargeability under the Act, resulted in the appellate court's affirmation of the bankruptcy court's finding of nondischargeability.

The legislative history to § 523(a)(6) of the Bankruptcy Code reveals a clear congressional rejection of the case law under the Act which grounded a finding of willful and malicious conduct upon negligence. As summarized in Colliers:

> An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence

---

**1.** Congress has responded to the policy expressed by many courts in these drunk driving cases. The 1984 amendments to the Code make nondischargeable judgments arising out of injuries caused by intoxicated drivers. P.A. 98–353, § 371 amending 11 U.S.C. § 523.

of personal hatred, spite or ill-will. The word "willful" means "deliberate or intentional", a deliberate and intentional act which necessarily leads to injury.... A claim or judgment based merely upon negligence does not necessarily constitute a willful and malicious injury within the exception even if the negligence is alleged to be reckless and wanton ... Cases decided under section 17a(2) of the Bankruptcy Act, such as *Tinker v. Colwell* [193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904)] holding that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a "reckless disregard" standard, they are overruled.

3 Collier on Bankruptcy ¶ 523.16 at 523–118 —523–122 (15th ed. 1979) (footnotes omitted). Congress intended to eliminate injuries caused by negligence from those debts deemed nondischargeable—even when the act of negligence is so reckless and wanton as to be characterized as gross negligence.

The record in this proceeding supports the finding that the debtor caused the infection by injecting an unsterile needle into the deep tissue of Mrs. Perkins' foot and that his treatment of that infection did not meet the appropriate standard of care. He failed to test the infected area in a timely manner; he failed to prescribe the drugs of choice required by the laboratory analysis; and he failed to hospitalize the plaintiff when further laboratory analysis showed that only hospital-strength antibiotics administered intravenously could combat the virulent infections. This Court, therefore, finds that the plaintiffs' injuries were caused by the debtor and that, under the tort law of this state, they are entitled to damages. No evidence was, however, admitted to support the finding that the debtor intended to harm Mrs. Perkins. Proof that the debtor injected an unsterile syringe and prescribed ineffective medications is not proof of willful and malicious injury. It is not the intent to inject the syringe or prescribe the medications that satisfies the statute; it is the intent to cause harm that has to be proven. Although this Court may regard the debtor's treatment of this plaintiff to be absolutely appalling, that conduct did not rise to the level of an intentional tort contemplated in § 523(a)(6).

The Bankruptcy Code makes no special provision for the nondischargeability for damages caused by negligence. That policy may be ill-advised, but it is the law as it presently stands. *See Foell v. Hungate (In re Hungate)*, 2 Bankr.Ct.Dec. 1046 (Bankr.E.D.Mich.1976). The consent judgment entered into between these plaintiffs and the debtor is determined to be dischargeable.

IT IS SO ORDERED.