**In the Matter of Timothy H. DUNLEVY, Debtor.**

**Eugene TRELL and Harold Riech, Jr. and Dwight Brannon and Brokers Leasing, Plaintiffs,**

**v.**

**Timothy H. DUNLEVY, Defendant.**

**Bankruptcy No. 3–86–03335. Adv. No. 3–87–0071.**

United States Bankruptcy Court, S.D. Ohio, W.D.

July 14, 1987.

Thomas R. Noland, Dayton, Ohio, for defendant.

Rick D. DeBlasis, Cincinnati, Ohio, for plaintiffs.

## DECISION DENYING IN PART AND GRANTING IN PART DEFENDANT, TIMOTHY H. DUNLEVY'S MOTION TO DISMISS AND/OR IN THE ALTERNATIVE FOR MORE DEFINITE STATEMENT AND GRANTING TIME TO FILE AN AMENDED COMPLAINT

THOMAS F. WALDRON, Bankruptcy Judge.

This is a case that arises under 28 U.S.C. § 1334(a) and having been referred to this court, the within action is determined to be a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I), in which the plaintiffs filed a complaint (Doc. 1) to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2), (4) or (6). Defendant timely filed an answer (Doc. 4), and thereafter filed a Motion To Dismiss And/Or In The Alternative For More Definite Statement (Doc. 5). The plaintiffs filed a Memorandum In Opposition To Motion To Dismiss (Doc. 7).

The defendant's motion (Doc. 5) seeks to dismiss the complaint because the "[P]laintiffs' Complaint alleges fraud in several of said counts, however lacks the specificity in pleading said acts as required by The Federal Rules of Civil Procedure Rule 9(b) and Rules of Bankruptcy Procedure Rule 7009,...".

The defendant is correct in his assertions concerning Count One and a portion of Count Two. Accordingly, the defendant's Motion To Dismiss will be GRANTED in part unless the plaintiffs amend their complaint as to Count One and a portion of Count Two consistent with this decision. The pleading issues raised by the parties' motions continue to appear in adversary proceedings in this court and prompt the court to issue this written decision.

### 1. COUNT ONE

Plaintiffs' first count is based upon 11 U.S.C. § 523(a)(2)(A) which excepts from discharge any debts of an individual "[F]or money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other

than a statement respecting the debtor's or an insider's financial condition; . . .". In support of this claim, plaintiffs' plead the following:

15. Debtor participated with Fries and others in a scheme to obtain money from plaintiffs Trell, Rieck and Brannon, and property and an extension of credit from Brokers Leasing by false pretenses, false representations, and actual fraud as hereinafter set forth in this Count One and subsequent Counts of this Complaint.

16. Debtor participated in forming the Corporation and Partnerships and gaining investment from plaintiffs and others through the sale of equity securities in the Corporation and Partnerships.

17. Debtor further participated in obtaining the leased restaurant equipment on a credit arrangement from Brokers Leasing.

18. In order to induce plaintiffs to invest money and equipment and to extend credit to the Corporation and Partnerships, debtor fraudulently misrepresented to plaintiffs that the funds and equipment would be used to conduct the business of the Corporation and Partnerships and to provide profits from said business for eventual return to plaintiffs.

19. Debtor's representations were made falsely and fraudulently and with the intent to deceive plaintiffs.

20. In fact, debtor, Fries and others were involved in other entities and enterprises, the existence of which was withheld from plaintiffs, to which other entities and enterprises plaintiffs' funds were fraudulently diverted.

21. The equipment provided by Brokers Leasing was also used in the production of income for these other entities and enterprises.

22. Plaintiffs reasonably relied on the representations of debtor to their detriment. (Doc. 1 at 3–4)

This court has previously outlined the requirements for pleading a cause of action under 523(a)(2)(A):

Where, however, fraud is alleged, the concept of notice pleading is refined by a requirement of specificity. Fed.R.Civ.P. 9(b) (Bankr.R. 7009) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." "To satisfy Fed.R. Civ.P. 9(b), a plaintiff must at a minimum allege the *time, place and contents of the misrepresentation(s)* upon which he relied." *Bender v. Southland Corporation*, 749 F.2d 1205, 1216 (6th Cir.1984). The plaintiff must state with particularity the specific circumstances giving rise to the complaint. *Dayco Corporation v. Goodyear Tire & Rubber Company*, 523 F.2d 389, 394 (6th Cir.1975). *Matter of Schwartzman*, 63 B.R. 348, 355 (Bankr. S.D.Ohio 1986). (emphasis supplied)

A review of plaintiffs' complaint discloses Count One does not contain the information required to state a cause of action under § 523(a)(2)(A)—**misrepresentation(s), identity of the party who made the misrepresentation(s), the time and place of the misrepresentation(s), and the consequences of the misrepresentation(s).** This is particularly significant in light of the fact that the plaintiffs do not occupy a position similar to that of a recently appointed Trustee in Bankruptcy who was not present during the period the alleged misrepresentation or fraud occurred, nor does the complaint state that the misrepresentation or fraud is demonstrated by the use of a statement in writing—§ 523(a)(2)(B). *See Schwartzman* at 355.

Count One, therefore, will be dismissed, unless it is amended consistent with this decision.

## 2. COUNT TWO

Plaintiffs' second count is based on 11 U.S.C. § 523(a)(4) which excepts from discharge any debts of an individual "[F]or fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; . . .". In alleging causes of action under this Section, plaintiffs' plead the following:

25. In his role as director of operations of the Corporation and Partnerships, debtor acted in a fiduciary capacity to the plaintiffs.

26. While acting in such fiduciary capacity, debtor committed fraud and defalcation as hereinabove and hereinafter set forth.

27. Debtor failed to cause appropriate accounting procedures to be instituted and failed to render proper accountings to plaintiffs.

28. Debtor converted to his own personal use business profits without properly accounting for them; paid to himself and others unreasonably high salaries for services that were either not performed or performed with an extreme lack of diligence; and withdrew from profits of the business sums of money for unnecessary and unwarranted automobiles, travel, bonuses, and insurance for his own personal use.

29. Debtor knowingly and fraudulently misrepresented to plaintiffs the financial and operational condition of the business.

30. Also during his fiduciary relationship with the Corporation and Partnerships, debtor created and/or purchased with others, enterprises such as T & T Promotions and Ivy Lounge Night Club with profits from the Corporation and Partnerships for his own personal gain.

31. Many of the enterprises created and operated by debtor were created for the purpose of doing business with the Corporation and Partnerships with the intent by debtor to convert business profits to his own personal use and gain, and without disclosure to plaintiffs or other creditor and equity security holders.

32. All such actions by debtor and others were performed with the purpose of creating avenues for personal gain at the expense of the Corporation and Partnerships, and were performed with the intent to deceive plaintiffs.

33. Plaintiffs were, in fact, deceived by these actions of debtor and others, and have suffered great financial detriment. (Doc. 1 at 4–5)

The pleading requirements of 523(a)(4) differ depending upon whether the cause of action alleges fraud or alleges defalcation. When, as in paragraph 29 of the complaint, fraud is alleged, the standards set forth in *Schwartzman* must be met. When, however, defalcation is alleged, the pleading requirements are not as stringent:

> Plaintiffs' pleading burden with respect to the defalcation claim is much lighter. The term "defalcation" is a broader term than fraud and would include the taking of money entrusted to a fiduciary. *Central Hannover Bank and Trust Co. v. Herbst*, 93 F.2d 510 (2d Cir.1937). Further, if it is proven that a debtor committed a defalcation with respect to funds held in trust, it is not necessary to prove that the defalcation was intentional. *Gonzalles [Gonzales] v. Raiser Constr. Co., Inc.*, 22 B.R. 58, 59 (Bankr. 9th Cir.1982). Finally, Fed.R. Civ.P. 9(b) does not require that a defalcation claim be stated with particularity. *In re Baker*, 66 B.R. 652, 654 (Bankr.D. Nev.1986).

Although a difference exists between the pleading requirements necessary to state a cause of action for fraud as opposed to a cause of action for defalcation, both causes of action require the allegation of a fiduciary relationship:

> However, in order to survive defendants' motion to dismiss, under § 523(a)(4), both of the plaintiffs' claims of fraud or defalcation must also sufficiently allege that defendants committed the fraud or defalcation while acting in a fiduciary capacity. (citation omitted) *Id.*

Count Two of plaintiffs' complaint alleges that the defendant committed acts of fraud and defalcation while acting in a fiduciary capacity "as director of operations of the Corporation and Partnerships, ..." (Doc. 1 at 4, Par. 25).

Paragraphs 6, 7, 8, 10, 11, 12, and 13 of plaintiffs' complaint set forth the alleged fiduciary relationship between the plaintiffs and the defendant. Accordingly, that portion of Count Two which alleges a cause of action for fraud will be dismissed, unless it is amended consistent with this decision;

however, since a cause of action for defalcation does not require such specificity, Count Two need not be amended if defalcation is the only cause of action the plaintiffs wish to assert in Count Two.

### 3. COUNT THREE

■ Count Three alleges that the defendant committed "embezzlement or larceny" and, therefore, under 523(a)(4) such debts should be excepted from discharge. (Doc. 1 at 6)

In support of this claim, plaintiffs' plead the following:

36. In addition to all of the above described actions, debtor wrongfully converted to his own personal use goods, food, inventory, products, and monies from the G.D. Ritzy's stores operated by the Corporation and Partnerships.

37. As an example of such activity, debtor sold ice cream produced by the stores at an Octoberfest celebration in the fall of 1983, without accounting to the stores for the profits from such sale.

38. Such activities constitute embezzlement or larceny from the stores. (Doc. 1 at 5)

"Embezzlement involves the misappropriation of property by a person who comes into possession of the property lawfully or with consent of the true owner, while larceny involves the unlawful taking of property by a person without the owner's consent. 3 *Collier,* § 523.14[3], at 523–116." *In re Taylor,* 58 B.R. 849, 854 (Bankr.E.D.Va. 1986). "Fraudulent intent is the key to a finding of embezzlement or larceny." *Id.* Federal Rule of Civil Procedure 9(b) (Bankr.R. 7009) states "Malice, intent, knowledge, and other condition of mind of a person may be averred generally.". Thus, "The requirement that the circumstances constituting fraud be stated with particularly does not require particularization of allegations of fraudulent *intent*". 2A J. Moore, J. Lucas, Moore's Federal Practice § 9.03[38] (2d ed. 1986).

Accordingly, Count Three of plaintiffs' complaint need not be amended.

### 4. COUNT FOUR

Plaintiffs' fourth count is based upon 11 U.S.C. § 523(a)(6) which excepts from discharge any debts of an individual "[F]or willful and malicious injury by the debtor to another entity or to the property of another entity; ...". In support of this claim, plaintiffs repeat their allegations in support of their 523(a)(4) claim and plead the following:

40. Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1–39 hereinabove.

41. The above described willful and malicious pillaging and looting of the G.D. Ritzy's stores operated by the Corporation and Partnerships injured those entities to the point that they could not be salvaged, even with the protection of Chapter 11 of the Bankruptcy Code, and all of said stores closed in October of 1986.

■ The phrase "willful and malicious" requires an intentional act by the debtor which necessarily produces harm and is without just cause or excuse. *Matter of Scharffe,* 40 B.R. 942, 944–45 (Bankr.E.D. Mich.1984). Unlike Counts One, Two and Three of plaintiffs' complaint, Count Four is governed by Rule 8 of the Federal Rules of Civil Procedure (Bankr.R. 7008). Rule 8(a)(2) requires that the pleading contain "[A] short and plain statement of the claim showing that the pleader is entitled to relief, ...". "[T]he general test remains constant: does the statement of the claim contain the required elements stated plainly and succinctly, and does it give fair notice to the opposite party?" 2A J. Moore, J. Lucas, Moore's Federal Practice § 8.17.[94] (2d ed. 1986).

■ Count Four, by incorporating pleadings approved in other counts of this complaint (or amended pleadings consistent with this decision), alleges willful and malicious injury in sufficient detail so that it may be confronted by the defendant and does not require amendment.

While the court does not question either the ability or the good faith of any counsel in this proceeding, nor does the court question the importance of proper pleadings in

the progress of this proceeding, it should be recognized that this proceeding is not capable of judicial determination until evidence is presented to this court. For that reason, it is important that this proceeding move beyond the pleading stage. The importance of the pleadings to each party should not become more important than the proof that will be ultimately presented.

The Federal Rules of Civil Procedure, as modified in the Bankruptcy Rules applicable in adversary proceedings, while individually addressed to specific issues, constitute an integral structure for the resolution of disputed matters. The initial pleadings provide the entrance to this structure and point out the pathway of the discovery process upon which the parties will travel to reach the arena where the disputed issue is to be resolved. These rules require pleadings in which a movant simply, concisely and directly sets forth allegations sufficient to appraise an adverse party and the court of the nature of the claim to which an adverse party responds in short and plain terms admitting or denying the allegations and informing the movant and the court of all good faith defenses. Fed.R.Civ.P. 8 (Bankr.R. 7008). *These rules contemplate neither a complicated nor convoluted pleading or discovery process during the progress of the case. Schwartzman* at 356 (emphasis supplied).

Accordingly, the defendant's Motion To Dismiss is DENIED as to plaintiffs' second, third and fourth counts as discussed herein, and IS GRANTED as to plaintiffs' first count and paragraph 29 of the Second Count, unless plaintiffs, within ten (10) days from the date of the entry of the order accompanying this decision, file an amended complaint amending the first count and paragraph 29 of the second count. If the plaintiffs fail to file an amended complaint within the time limits set forth above, the first count and paragraph 29 of the second count shall be dismissed ten (10) days after the entry of the order accompanying this decision. The defendant shall answer or otherwise plead to any amended complaint within ten (10) days after it is filed.

Additionally, that portion of the defendant's Motion (Doc. 5), requesting that the plaintiffs supply a more definite statement is DENIED. Although the defendant's separately filed motion to dismiss is not barred by the defendant's answer, the defendant's motion for a more definite statement is barred by the defendant's answer [Bankr.R. 7012, (F.R.C.P. 12(e)) ]. A request "[F]or a more definite statement, *see* Rule 12(e), is barred by the filing of an answer. 1B Moore § 12.05, at 12–34.". *In re Stephen W. Grosse, P.C.,* 68 B.R. 847, 850 (Bankr.E.D.Pa.1987). Since the defendant filed his answer (Doc. 4) April 27, 1987, his request for a more definite statement (Doc. 5), filed May 5, 1987, is DENIED.

SO ORDERED.