**Robert WAIRE, Plaintiff,**

v.

**David E. BAKER, Defendant.**

**No. H 85–820.**

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 10, 1992.

Robert Waire, pro se.

James E. Foster, Hammond, Ind., for defendant.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

As this plaintiff is proceeding *pro se*, the court has taken the trouble to fully and completely review the entire record in this case to determine if the demands of basic due process and *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) have been met.

Plaintiff's complaint was filed in this case on August 27, 1985 alleging negligence on the part of defendant Baker with respect to the legal services provided by Baker to Waire. While this case was pending, defendant Baker filed a petition under Title 11 of the United States Code in the bankruptcy court on October 23, 1989. On March 23, 1990 the bankruptcy court issued a Discharge of Debtor ordering that:

1. The above-named debtor [Baker, David Earl] is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

(a) debts dischargeable under 11 U.S.C. § 523

(b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from the discharge under clauses (2), (4) and (6) of 11 U.S.C. § 523(a);

(c) debts determined by this court to be discharged under 11 U.S.C. § 523.

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

Pursuant to this discharge order, Mr. Baker filed with this court a Motion to Dismiss on March 30, 1990. The court delayed ruling pending compliance with the dictates of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). On October 22, 1990, the court, *sua sponte*, advised Mr. Waire of the consequences he assumed if he failed to respond to Baker's Motion to Dismiss as required by *Lewis v. Faulkner*.

The Bankruptcy Court held a bench trial on September 26, 1990. At that bench trial Waire filed a Petition for Change of Venue which the bankruptcy court treated as a Motion to Withdraw the Reference of this Adversary Proceeding from the Bankruptcy Court to the District Court and a Motion for Recusal. The Bankruptcy Court issued an order as a result of the September 26, 1990 proceedings on October 12, 1990.

On November 13, 1990 this court stayed proceedings in the above-captioned case pending resolution of an Adversary Complaint filed by the plaintiff in Defendant Baker's Bankruptcy Proceeding.

Pursuant to the recommendations made by the bankruptcy court in its October 12, 1990 order, Baker filed his First Amended Motion to Dismiss on November 14, 1991. Pursuant to that motion and the bankruptcy decision, this court granted the First Amended Motion to Dismiss on November 26, 1991. On both December 17, 1991 and July 14, 1992, the court received letters from Mr. Waire asking the court to reconsider its decision of November 26, 1991 granting Baker's First Amended Motion to Dismiss. As Mr. Waire is proceeding *pro se*, this court will treat those letters as Motions to Reconsider. For the reasons stated below, Mr. Waire's Motion to Reconsider is GRANTED with related instructions made to the Bankruptcy Court.

■ When this case was first filed a demand for a jury trial was made on August 26, 1985 well within the time specified in Fed.R.Civ.P.Rule 38(b). Mr. Waire has since repeated that request in a letter received by this court on January 28, 1991. This court recognizes "that the Bankruptcy Code, as amended by the 1984 Act, does not authorize bankruptcy judges to conduct jury trials." *In the Matter of Grabill Corp.*, 967 F.2d 1152, 1158 (7th Cir.1992). However, this is not dispositive of whether Mr. Waire is entitled to a trial, either jury or bench, in this court.

Rather, the issue here centers on a determination of whether Mr. Waire's professional malpractice claim should be characterized as "core" to the bankruptcy proceeding or as merely related to that proceeding and thus "noncore."[1]

1. Howard C. Buschman III and Sean P. Madden recently completed an article which thoroughly defines and discusses these terms and ideas. Howard C. Buschman III and Sean P. Madden,

■ The bankruptcy court has indicated that this is a "core" proceeding. (See Bankruptcy Court's Recommendation to District Court Pursuant to 28 U.S.C. § 157(d), Bankr.R. 5011 and General Rule 45(b)(1) at p. 5). However, this court does not agree with that finding. The bankruptcy statute distinguishes between 'core' proceedings and 'noncore' proceedings. Bankruptcy courts may not decide 'noncore' proceedings dispositively. Rather, if a bankruptcy court hears a noncore proceeding it can only make *proposed* findings of fact and conclusions of law to be submitted to the district court for *de novo* review. 28 U.S.C. §§ 157(b)(2) and 157(c)(1).[2]

■ An understanding of what constitutes a 'core' proceeding as opposed to a 'noncore' proceeding is key to the issue currently before this court. "Simply put, core proceedings are those that generally have no existence outside of bankruptcy." Howard C. Buschman III and Sean P. Madden, *The Power and Propriety of Bankruptcy Court Intervention in Actions Between Nondebtors*, 47 Bus.Law. 913, 919 (1992). Essentially, 'core' proceedings are those "arising under" title 11. *Id., citing In re Wood*, 825 F.2d 90, 97 (5th Cir.1987).

> When a cause of action is one which either is created by title 11 or which is concerned with what are called 'matters concerning the administration of the estate' in 28 U.S.C. § 157(b)(2)(A), in the sense that no adverse third party is involved ... then that civil proceeding is one 'arising under title 11.'

*Power and Propriety*, 47 Bus.Law. at 919 n. 46 (1992).

Clearly matters relating to the discharge of judgments obtained in courts of law fall within the definition of 'core' proceedings. However, that is not the situation here. To date, Mr. Waire has filed in this court a cause of action alleging professional mal-

practice, but no judgment has been rendered. Thus, the issue of dischargeability addressed by the bankruptcy court is, at this stage, premature. It may, however, become relevant at a later time. Naturally, if and when that issue arises it will be within the jurisdiction of the bankruptcy court to decide.

■ Currently, however, the court is faced with a suit which is not based in any right created by the Federal Bankruptcy Law. Furthermore, this is not a suit that could arise only in the context of bankruptcy. It is simply a malpractice claim. Had there been no bankruptcy, Mr. Waire's case could have proceeded in this district court. Thus, it is properly characterized as a 'noncore' proceeding. However, this determination does not mean that the above-captioned suit falls outside bankruptcy court jurisdiction.

In fact, nothing could be more untrue. This action has a direct impact on the bankruptcy action and the resolution and ranking of bankruptcy claims. Therefore, it arguably lies within what has been labeled as the bankruptcy court's "related jurisdiction." *Power and Propriety*, 47 Bus.Law. at 920–291 (1992).

Nevertheless, given the nature of this claim and the fact that Mr. Waire is proceeding *pro se*, this court now orders that the issue relating to Mr. Waire's professional malpractice claim be removed from the bankruptcy court to this court for trial. As this case will proceed as an issue withdrawn from the bankruptcy court under the district court's discretionary power as provided for in 28 U.S.C. § 157(d), the automatic stay provision set forth in 11 U.S.C. § 362(a) is not being jeopardized.

Clearly, the final outcome, particularly in practical terms to the plaintiff, depends on two separate and distinct determinations.

---

*The Power and Propriety of Bankruptcy Court Intervention in Actions Between Nondebtors,* 47 Bus.Law. 913 (1992).

**2.** 28 U.S.C. § 157(c)(1) provides: A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed find-

ings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

First, there must be a judgment made as to his malpractice claim. Then, assuming a judgment in Waire's favor,[3] the subsequent issue of nondischargeability of debt must be made and that will be done by the bankruptcy court. This court agrees with the bankruptcy court's assessment that the determination of nondischargeability rests on 11 U.S.C. § 523(a)(6). However, to jump to that analysis before a decision on the professional malpractice claim, denies the plaintiff procedural due process.

 A legal search by this court has turned up several cases which indicate that only once a professional malpractice judgment had been rendered did the bankruptcy court engage in an analysis consistent with 11 U.S.C. § 523(a)(6). *See, In re Keller,* 106 B.R. 639 (9th Cir.BAP 1989); *In re Weingarten,* 49 B.R. 881 (N.D.Ohio 1985); 40 B.R. 942 (E.D.Mich 1984).

■ Finally, this court addresses Mr. Waire's request for a jury trial. As stated previously, the judgment as to Mr. Waire's claim and the dischargeability of any judgment he may possibly achieve are heavily intertwined. Further, this court agrees with the bankruptcy court's statement that there is no right to a trial by jury on the issue of the dischargeability of a debt in the bankruptcy court. *In re Swope,* 466 F.2d 936 (7th Cir.1972), *cert. denied,* 409 U.S. 1114, 93 S.Ct. 929, 34 L.Ed.2d 697 (1973). However, the issue that is being removed to this court does not concern dischargeability. The issues this court will decide are the factual issues which must be determined before dischargeability may be addressed.

## CONCLUSION

Thus, Mr. Waire's Motion to Reconsider is GRANTED. This court orders that the issue relating to Mr. Waire's professional malpractice claim be removed from the bankruptcy court to this court for trial.

Furthermore, the claim will be tried before a jury as Mr. Waire timely and repeatedly has filed his demand for a jury trial.

Finally, to the extent that any motion asking that the undersigned judge recuse himself has been made, it is DENIED.

IT IS SO ORDERED.

---

**3.** This court states very specifically and most emphatically that this wording is not meant to make a statement, impliedly or expressly, as to the likelihood or unlikelihood of a judgment in Waire's favor on his professional malpractice claim.