UNITED STATES LIFE TITLE
INSURANCE COMPANY OF
NEW YORK, Plaintiff,

v.

J. Patrick DOHM, Defendant.

In re John P. DOHM and Ingrid
Dohm, Debtors.

No. 81 C 20132.
Adv. No. 81 A 108.
Bankruptcy No. 81 B 252.

United States District Court,
N. D. Illinois, W. D.

April 21, 1982.

## ORDER

ROSZKOWSKI, District Judge.

Before this court are cross-appeals from the order of the Bankruptcy Court granting the motion of United States Life Title Insurance Company of New York (U.S. Life) for summary judgment. In granting that motion, the Bankruptcy Court, 19 B.R. 132 held that the debt J. Patrick Dohm owed to U.S. Life was not dischargeable in bankruptcy. For the reasons stated herein, the order of the Bankruptcy Court is affirmed.

From 1977, through March of 1980, John P. Dohm, while doing business as Illinois Title Service, served as an agent for U.S. Life. Pursuant to a written agreement, Dohm's duties included among others: collecting premium funds and remitting them to U.S. Life, the keeping of appropriate records, segregating U.S. Life funds from Dohm's individual accounts, and disbursing funds only for the business purposes for which the funds were entrusted to him.

On April 11, 1980, U.S. Life filed suit against John P. Dohm and Ingrid Dohm in the Illinois Circuit Court of the 17th Judicial District. The complaint essentially alleges that Dohm diverted escrow funds entrusted to him. In Count II of the complaint, U.S. Life asserted that Dohm breached a fiduciary duty owed U.S. Life by wilfully and maliciously diverting escrow funds entrusted to him.

On the same day the complaint was filed, the Court entered the temporary order restraining Dohm from transferring any funds until a full accounting had been made.

The Circuit Court held the preliminary injunction hearing on September 19, 1980.[1] After considering the evidence presented, the Court found that dissipation of entrusted funds had occurred. The Court further found that Dohm had commingled the entrusted funds with his own and had proceeded to use those funds for unauthorized purposes. The Court therefore entered an order restraining J. Patrick Dohm and Ingrid Dohm from disposing of or otherwise transferring any assets owned by them except for salaries earned on or after April 17, 1980.

On June 22, 1981, U.S. Life filed a motion for summary judgment. The motion alleged that the pleadings, the deposition of J. Patrick Dohm, and the various affidavits demonstrated that no genuine issue of fact remained.

On November 21, 1980, after a hearing on the matter, the Court granted the motion for summary judgment. The Court awarded damages against J. Patrick Dohm and Ingrid Dohm[2] and in favor of U.S. Life in

---

1. The five month delay between the entry of the temporary restraining order and the hearing on the preliminary injunction was due to the fact that the Dohms had instituted bankruptcy proceedings which had stayed the Circuit Court action. The Bankruptcy proceeding was voluntarily dismissed on September 10, 1980. The Circuit Court then reinstated its restraining order and set the hearing on the preliminary injunction motion.

2. Ingrid Dohm was held liable under an agreement she and her husband had jointly signed with U.S. Life. Under the contract she agreed to reimburse U. S. Life for any losses it incurred due to her husband's activities. The judgment entered against Ingrid Dohm was a default judgment. Despite service of process

the sum of $203,025.27 plus costs of the suit. In granting summary judgment, the Court stated that "said defendant's (J. Patrick Dohm) actions . . . constituted willful and malicious embezzlement." The Circuit Court reserved ruling, however, on whether to award punitive damages and attorney's fees to the plaintiff.

On February 27, 1981, J. Patrick Dohm, represented by counsel, filed before the Circuit Court a motion to vacate the summary judgment entered by the Court. Supporting the motion was J. Patrick Dohm's affidavit which stated that he was without counsel at the time of the entry of judgment, that he was denied access to records, and that the Court failed to consider all the pleadings and essentially had denied him the opportunity for a fair hearing. For unknown reasons, however, Dohm voluntarily withdrew the motion before the Court ruled on it.

U.S. Life continued in its attempts to collect on the Circuit Court judgment until March 24, 1981, when J. Patrick Dohm and Ingrid Dohm filed a petition in the Bankruptcy Court.

On April 8, 1981, U.S. Life filed a complaint in the Bankruptcy Court to determine whether J. Patrick Dohm's debt to U.S. Life was dischargeable in Bankruptcy. U.S. Life's complaint alleged that money obtained under false pretenses and now owed is not dischargeable in bankruptcy under 11 U.S.C. § 523.[3] Count I of U. S. Life's complaint was based upon the collateral estoppel effect of the Circuit Court Judgment. Count II alleges willful and malicious embezzlement and defalcation while acting in a fiduciary capacity.

U.S. Life then proceeded to file a motion for summary judgment on Count I incorporating the record of the Circuit Court action. On August 4, 1981, the Bankruptcy Court held a hearing on the motion. In a memorandum opinion dated August 13, 1981, the Court granted the motion for summary judgment.

## I. THE ENTRY OF SUMMARY JUDGMENT UPON COLLATERAL ESTOPPEL GROUNDS

The Bankruptcy Court entered summary judgment for the U.S. Life because the court held that the state court judgment collaterally estopped the defendant from contesting whether he embezzled funds from U.S. Life. The state court held that the defendant "willfully and maliciously embezzled funds" from U.S. Life. Under 11 U.S.C. § 523(a)(4), a bankruptcy discharge "does not discharge an individual debtor from any debt . . . for . . . *embezzlement.*" (Emphasis supplied). After examining the full state court record, the Bankruptcy Court held that the state proceeding had established facts sufficient to establish that Dohm had embezzled funds and therefore Section 523(a)(4) prevented Dohm from discharging the debt.

■ As initial matter, this court notes that the recent Supreme Court opinion in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), did not prevent the Bankruptcy Court from applying collateral estoppel principles to a dischargeability case. In *Brown v. Felsen,* the Court held that the doctrine of res judicata was not applicable to discharge cases. The Court held, additionally, however, that the Bankruptcy Court *may* apply collateral estoppel if the state court record warrants it. The Court stated:

This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas, res judicata forecloses all that might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. . . . If, in the course of adjudicating a state law question, a state court should determine

---

and notice of the various motions, Ingrid Dohm failed to appear or answer the complaint.

**3.** 11 U.S.C. § 523 provides in part:

A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement or otherwise.

factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the Bankruptcy Court.

442 U.S. at 139 n.10, 99 S.Ct. at 2213 n.10.

Post *Brown v. Felsen* decisions have held that the Bankruptcy Court may apply collateral estoppel to discharge cases. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981); *Matter of Ross*, 602 F.2d 604, 608–08 (3d Cir. 1979); *In re Greenblatt*, 8 B.R. 994 (Bkrtcy.E.D.N.Y.1981). Moreover, collateral estoppel has been used to support the award of summary judgment in discharge cases. *E.g. In re Peterman*, 5 B.R. 687 (E.D.Pa.1980); *Carey Lumber Co. v. Bell*, 615 F.2d 370, 377 (5th Cir. 1980).

Similarly, a Bankruptcy Court may in its discretion decline to apply collateral estoppel. A number of courts have done so where the record before the state court was insufficient to support its findings. E.g. *In re Richards*, 7 B.R. 711 (Bkrtcy.S.D.Fla.1980); *In re Whitmore*, 7 B.R. 835 (Bkrtcy.N.D.Ga.1980). Other Bankruptcy Courts have considered extrinsic evidence and looked behind the state court record in deciding a discharge question. *E.g. Matter of Eskenazi*, 6 B.R. 366 (Bkrtcy.App. 9th Cir.) In the present case in which the full state court record, including depositions and affidavits, was before the Bankruptcy Court, the Court properly used its discretion in applying collateral estoppel to this case.

Dohm's primary objection to the application of collateral estoppel in this case is that the Bankruptcy Court improperly applied the doctrine because the issue of "embezzlement" was not before the state court. Breach of fiduciary duty, not embezzlement, Dohm argues, was the issue before

the Circuit Court. Dohm therefore asserts that the finding of embezzlement in the state court's opinion was not essential to the prior judgment and cannot be used affirmatively to estop him from litigating the embezzlement issue. This court rejects what it views as Dohm's semantical argument. This court finds that, whether or not the label "embezzlement" is used to describe Dohm's actions, the state court necessarily made factual adjudications which establish that Dohm's debt falls within the purview of the non-dischargeability provision of 11 U.S.C. § 523.

The parties agree that a court may properly apply the doctrine of collateral estoppel where four conditions are met:

1. The issues sought to be precluded must be the same as that involved in the prior action;

2. The issue must have been actually litigated;

3. It must have been determined by valid and final judgment;

4. The determination must have been essential to the prior judgment.

*In re McMillan*, 579 F.2d 289, 291–92 (3d Cir. 1978); *Matter of Ross*, 602 F.2d 604, 608 (3d Cir. 1979).[4] In this case, the four conditions were met.

First, the issue the Bankruptcy Court precluded, Dohm's embezzlement (or more precisely, his intentional diversion of funds entrusted to him), was involved in the state court action. Count II specifically alleged that "J. Patrick Dohm has caused a diversion of escrowed funds ... and utilized those escrowed funds for purposes unrelated to the transactions for which those escrowed funds were originally deposited." (Pltf. Comp. Count II ¶ 9). Count II further alleges "[t]hat the activities of defend-

---

4. Although the Seventh Circuit decisions do not elaborately break down the doctrine of collateral estoppel into four elements, the Circuit does adhere to the general rule set forth in *In re McMillan. See Butler v. Stover Bros. Trucking Co.*, 546 F.2d 544, 551 (7th Cir. 1977) (Collateral estoppel is appropriate where) the party against whom the estoppel is asserted had a full and fair opportunity to litigate the

issue in the prior proceeding and the application of the doctrine will not result in an injustice under the particular circumstances of the case.

*Id. See also Bickham v. Lashof*, 620 F.2d 1238, 1244 (7th Cir. 1980); *Speaker Sortation Systems v. U. S. Postal Service*, 568 F.2d 46, 48 (7th Cir. 1978).

ant J. Patrick Dohm was willful and malicious and done intentionally." (Pltf. Comp. Count II ¶ 11).

Second, the issue was actively litigated. Dohm filed his answer in Circuit Court denying liability; he submitted to a deposition; and the Circuit Court's judgment was based on that deposition and other affidavits and discovery submitted by U. S. Life. It is clear that the entry of summary judgment constitutes litigation for collateral estoppel purposes. *See In Re. Wuttke*, 2 B.R. 362 (Bkrtcy.D.C.N.J.1980); *Continental Can, USA v. Marshall*, 603 F.2d 590 (7th Cir. 1979).

Third, the judgment in state court was a valid and final judgment. No appeal was brought to challenge the judgment.

Fourth, the determination that Dohm willfully diverted funds entrusted to him was essential to the state court judgment. The court entered judgment on Count II— the breach of fiduciary duty Count. The only theory alleged which explains the breach is the willful diversion of funds theory. Paragraph 9 stated that "Defendant J. Patrick Dohm has breached his fiduciary duty to U.S. Life *in that Defendant J. Patrick Dohm has caused a diversion of escrowed funds.*" (Plaintiff's Complaint, Count II ¶ 9) (Emphasis supplied). Paragraph 11 states that the diversion was willful. In entering summary judgment on Count II, the state court necessarily found that a willful diversion occurred.

Dohm argues that the court's finding of "embezzlement" was not essential to the judgment and never was really before the Circuit Court. Dohm assumes that the Bankruptcy Court seized upon the word "embezzlement" in the state court opinion and then mechanically concluded that because the word embezzlement was found in 11 U.S.C. § 523 the statutory requirements for nondischargeability were met. The Bankruptcy Court's analysis was not that shallow. The Bankruptcy Court looked at the facts adjudicated as well as the label of embezzlement the Circuit Court applied to those facts. In its memorandum opinion the Bankruptcy Court states that "the civil complaint *alleges facts* and the judgment order recites findings that bring the judgment squarely within the nondischargeable provisions." (Memorandum Opinion at 3–4) (Emphasis supplied).

■ Dohm, in addition, argues that he was without counsel in the state court proceeding and that the trial judge denied him a fair trial. The argument, however, does not disturb the estoppel effect. The state court's adjudication was a final judgment. If Dohm believed the adjudication was unfair in any way, his remedy was to appeal. This court will not allow Dohm to now collaterally attack the state court judgment.[5]

Now that collateral estoppel principles establish that J. Patrick Dohm willfully diverted funds entrusted to him, the inquiry becomes whether such facts are sufficient to establish nondischargeability under 11 U.S.C. § 523. It is obvious that they are.

■ Embezzlement, for purposes of 11 U.S.C. § 523, "is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come, and it requires fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud." *In re Gumieny*, 8 B.R. 602 (Bkrtcy.E.D.Wis.1981) *citing Neal v. Clark*, 95 U.S. 704, 24 L.Ed. 586 (1877). *See also Moore v. United States*, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422 (1895); 3 Collier on Bankruptcy ¶ 523.14[3] (15th ed. 1981). Dohm's actions clearly fall within the embezzlement definition. Dohm appropriated funds U.S. Life had entrusted to him for his own purposes and he did so willfully and intentionally. The Section 523(a)(4) nondischargeability provision is therefore satisfied. The Bankruptcy Court is affirmed.

---

5. The court also notes that Dohm voluntarily withdrew his motion to vacate the summary judgment order before the state court had ruled on it. In that motion, Dohm had presented the same grounds he now raises before this court. The court believes that if Dohm's objections had merit Dohm would have pursued them in the motion to reconsider the summary judgment order.