In the Matter of Beverly Leona
POSS, Debtor.

AETNA CASUALTY AND SURETY
COMPANY, Plaintiff,

v.

Beverly POSS, Defendant.

Bankruptcy No. 81–03839.
Adv. No. 82–0281.

United States Bankruptcy Court,
E. D. Wisconsin.

Oct. 7, 1982.

Deborah K. Scheid, Borgelt, Powell, Peterson & Frauen, S. C., Milwaukee, Wis., for plaintiff.

Dana L. Gimbel, Milwaukee, Wis., for debtor.

MEMORANDUM DECISION

C. N. CLEVERT, Bankruptcy Judge.

On December 18, 1968, Beverly Poss ("Poss") signed a confession that she had

taken an undetermined amount of cash from her employer, Fairway Credit Corporation ("Fairway"). Thereafter, the plaintiff, Aetna Casualty and Surety Company ("Aetna"), paid Fairway $24,144.85 on its surety bond and was subrogated to Fairway's claim against Poss. Afterwards, Poss signed a promissory note to Aetna which provided as follows:

On demand, I promise to pay to the order of the Aetna Casualty and Surety Company, the sum of $24,144.85 for value received, with interest at 5 per cent per annum from date [5/28/68] until paid in full and costs of collection.

It is hereby stipulated and agreed by the maker that the giving, acceptance, or negotiation of this note shall not in any way change or alter the form, character, or quality of the original debt evidenced thereby.

On January 2, 1973, Aetna instituted an action to recover the amount outstanding on the note and subsequently received a default judgment in the amount of $27,580.83. On December 14, 1981, Poss filed a Chapter 7 bankruptcy proceeding and scheduled Aetna as a creditor. Aetna then filed this adversary proceeding seeking a determination of the dischargeability of the $26,325.83 balance due on the debt.

Aetna's complaint alleged that the debt was excepted from discharge by 11 U.S.C. § 523(a)(4), which reads in part:

(a) A discharge . . . does not discharge an individual debtor from any debt—. . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

The arguments in Poss' brief showed that she believed that the above section should not be applied in this case. Poss contended:

(1) Her promissory note to Aetna extinguished the nondischargeable debt and created a new dischargeable obligation.

(2) Aetna was barred by the doctrine of res judicata and the doctrine of collateral estoppel from litigating its claim under a new theory of law.

## DISCUSSION

Resolution of the question regarding dischargeability of Poss' promissory note depends upon the purpose for which the note was given. That is, was it given as evidence of the underlying obligation or in satisfaction of that obligation. In *In re Russie, (United States Fidelity and Guaranty v. Gail L. Russie,* 10 B.R. 832, BANKR. L. REPTR. (CCH) ¶ 67,978 (Bkrtcy.N.D.Ill. 1981)) this distinction was addressed. There the court adopted the general rule regarding dischargeability claims on promissory notes as it existed under the Bankruptcy Act of 1898. The rule provided:

. . . that when a debtor defrauds a creditor and then gives the creditor a note in the amount of the funds obtained, the court can look at the terms of the note and other extrinsic evidence to determine whether the note was given in satisfaction of the underlying debt or merely as evidence of the underlying debt. A note given as evidence of an underlying nondischargeable debt retains its nondischargeable character. See 8B C.J.S. Bankruptcy § 573a; *In re Wright,* 584 F.2d 83 (5th Cir. 1978); *Matter of Pigge,* 539 F.2d 369 (4th Cir. 1976). 10 B.R. at 835.

In the *Russie* case, the promissory note said:

This note is given as evidence of a debt of the maker of this note in favor of creditor and not as a new consideration. Said debt results from a claim or rights of said creditor against the maker of this note. Said creditor has been paid . . . said debt by USF & G. . . . By payment of said debt, USF & G has or will become subrogated to the claim or rights of said creditor against the maker of said note. . . . Id. at 833.

Based on this language, and notwithstanding USF & G's State Court judgment on the note, the court determined that the underlying obligation was nondischargeable. In so ruling, it rejected the debtor's argument that the dischargeability of the debt should be determined from either the face of the note or the records of the proceedings where USF & G obtained its judgment.

■ In the instant case, the last sentence of the promissory note stated that the "... note *shall not* in any way *change* or alter the form, character, or quality of *the original debt evidenced thereby.* [Emphasis added]

This unequivocal language clearly shows that the purpose of the note was to provide evidence of the underlying debt. Hence, the court may examine the nature and character of that underlying debt.[1]

■ And as the result of that examination, the court must conclude that the debtor's obligation to Aetna resulted from her embezzlement and that the debt is excepted from discharge under 11 U.S.C. § 523(a)(4).

\* \* \* \* \* \*

In support of her argument that the doctrines of res judicata and collateral estoppel preclude Aetna from pursuing its claim in this case, the debtor cited *Universal C.I.T. Credit Corporation v. Woodmansee,* 374 S.W.2d 386 (Tenn.1964), a case where the Tennessee Supreme Court affirmed a chancellor's decree that a creditor was barred from presenting extrinsic evidence to show that his judgment note was nondischargeable. However, the Supreme Court decision in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767, 5 Bankr.Ct.Dec. (CRR) 226 (1979), effectively over ruled that case. *Brown* essentially held that the doctrine of res judicata does not bar the presentation of extrinsic evidence to a Bankruptcy Court in a dischargeability case. See, also, *Scott Kaminski v. Richard Frahm, (In re Richard H. Frahm),* 23 C.B.C. 332 (E.D.Wis.1980). Accordingly, Judge Eisen went beyond the judgment in the *Russie* case and examined extrinsic evidence in determining that the

debt underlying USF & G's judgment was nondischargeable.

\* \* \* \* \* \*

■ There is no merit to Poss' argument that the doctrine of collateral estoppel should be applied in this case. Collateral estoppel is narrower than res judicata and only applies to those issues which have been litigated by the parties. *Brown v. Felsen,* 442 U.S. at 139, n. 10, 99 S.Ct. at 2213, n. 10; *Kaminski v. Frahm, (In re Richard H. Frahm),* 23 C.B.C. at 337. In a case such as this where the plaintiff previously obtained a default judgment, no matters have been litigated and the doctrine is inapplicable.

CONCLUSION

Based on the foregoing, which is adopted as the court's Findings of Fact and Conclusions of Law in accordance with Rule 752 of the Federal Rules of Bankruptcy Procedure, the court finds the plaintiff is entitled to judgment on its complaint in this case and that same shall be nondischargeable.

---

1. On the other hand, if the note had been in satisfaction of the underlying debt as was the case in *In re Kelley,* 259 F.Supp. 297 (N.D.Cal. 1965), (aff'd at 372 F.2d 94 (9th Cir. 1967)) this court would be limited to consideration of Poss' promissory note and judgment. In *Kelley,* the promissory note contained explicit language in which the creditor agreed not to institute any claim or action arising out of the original transaction. And so the court in *Kelley* concluded that the agreement was intended to extinguish

an antecedent tort action. 259 F.Supp. at 300. Thus, the court adopted the rule expressed in *Maryland Casualty Company v. Cushing,* 171 F.2d 257 (7th Cir. 1948), as follows:

... [I]f it is shown that the note, by express agreement is given and received, as a discharge of the original obligation or tort action, then the execution of the note extinguishes the tort action and it would be error for the court to look behind the note.... 259 F.Supp. at 299.