In re Francis A. CERTO, Debtor.

**GUARANTEE INSURANCE COMPANY, Plaintiff,**

v.

**Francis A. CERTO, Defendant.**

**Bankruptcy No. 83–01110–BKC–TCB.
Adv. No. 83–0787–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 14, 1983.

**660**

Alvin Weinstein, Miami, Fla., for plaintiff.

Francis A. Certo, pro se.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor is an attorney. His malpractice insuror, as a creditor, opposes his discharge under 11 U.S.C. § 727. The debtor has answered. It is clear from the insuror's allegations that it in fact seeks exception from discharge under § 523(a)(4). It has alleged no ground for denial of discharge. The matter was tried on December 8.

A client sued the attorney in State court for the recovery of money entrusted to him. The malpractice carrier was joined as a defendant. The attorney's defense was that the funds in question had been stolen from him. However, the jury returned an affirmative answer to the following special verdict interrogatory:

> "Do you find that the greater weight of the evidence shows that FRANCIS A. CERTO was not robbed on December 4, 1980, but that he misappropriated the money?"

Judgment was entered for the client against the debtor in the amount of $24,281. The malpractice insuror escaped liability based upon the jury's special verdict. The State court retained jurisdiction to assess costs against the debtor, including the malpractice carrier's claim for costs. The filing of this bankruptcy proceeding has forestalled not only the assessment of costs by the State court but also disposition of the debtor's motion for new trial.

At the trial before me, the plaintiff/malpractice carrier offered the entire State court record and rested. The debtor offered no evidence. The parties agreed that the automatic stay should be modified under 11 U.S.C. § 362(d) to permit the parties to proceed in that State court litigation to obtain a ruling on the pending motion and the assessment of costs and for the prosecution of any appeal that might ensue. I agree and it is so ordered.

It is conceded that the plaintiff/carrier will have at least a claim for court costs against the debtor. This court must, therefore, determine sooner or later whether that claim is dischargeable.

■ The debtor argues that plaintiff's claim does not partake of the nature of the client's claim which it defended. I disagree. *Matter of Poss,* 23 B.R. 487, 488 (Bkrtcy.E. D.Wis.1982).

Plaintiff concedes that the debtor was not "acting in a fiduciary capacity" within the scope of § 523(a)(4) when the client's money was misappropriated. *Collier on Bankruptcy* (15th ed.) ¶ 523.14[1][c]. Therefore, the issue is whether the special verdict constitutes a determination that the client's loss resulted from the debtor's "embezzlement" as that term is used in § 523(a)(4).

· I digress to observe that plaintiff is relying entirely here on the special verdict as collateral estoppel with respect to the factual issues plaintiff must prove here. Although *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979) did not decide whether collateral estoppel is available for that purpose, I accept plaintiff's contention that it is. *United States Life Title Ins. Co. v. Dohm,* 19 B.R. 134, 136 (D.C.N.D.Ill.1982).

As was held in *Dohm:*

"Embezzlement, for purposes of 11 U.S.C. § 523, 'is the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come, and it requires fraud in fact, involving moral turpitude or intentional wrong, rather implied or constructive fraud'". *Id.* at 138.

"Misappropriation", however, is a broader term which includes acts which are not criminal and may include acts which are merely negligent. *Collier on Bankruptcy* (15th ed.) ¶ 523.14[1][b]; e.g., *Bell v. Clinton Oil Mill,* 129 S.C. 242, 124 S.E. 7, 11 (1924). In any event, reasonable doubt as to what was decided by a prior judgment should be resolved against using it as an estoppel. *Kauffman v. Moss,* 420 F.2d 1270, 1274 (3rd Cir.) *cert. denied* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970).

Plaintiff has not, therefore, carried its burden of demonstrating that its claim is excepted from discharge under § 523(a)(4).

As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice.