In re Howard GAGLIANO and Linda Gagliano, Debtors.

RELIANCE INSURANCE COMPANY, United Pacific Insurance Company, and Reliance Insurance Company of Illinois, Plaintiffs,

v.

Howard GAGLIANO, Defendant.

Bankruptcy No. 83 B 6311.
Adv. No. 83 A 2343.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Dec. 3, 1984.

John T. Hickey, Jr., Susan J. McDunn, Chicago, Ill., for plaintiffs.

Theodore L. Kuzniar, St. Charles, Ill., for defendant.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came before the court on Reliance Insurance Company, United Pacific Insurance Company, and Reliance Insurance Company of Illinois' ("Reliance") motion for summary judgment on its adversary complaint objecting to the dischargeability of the debt owed by the debtor Gagliano. The court having considered all pleadings, memoranda, affidavits, and exhibits filed in this matter hereby grants Reliance's motion for summary judgment and declares this debt to be nondischargeable in the amount of $210,109.30.

## FACTS

The defendant-debtor, Howard Gagliano, was an insurance broker and agent. He was employed by an owner of Mark IV Insurance Agency. On May 10, 1974, Reliance, a corporation engaged in the insurance business, entered into an Agency-Company Agreement with Gagliano. Under the agreement, Gagliano was authorized on behalf of Reliance to solicit insurance applications and to collect the premiums on those applications. After retaining a commission out of the premium, Gagliano was to transmit the remaining amount of the premium to Reliance within 45 days from the end of the month in which the business was written. Beginning in 1977 premiums collected by Gagliano were not remitted to Reliance.

Reliance filed an amended complaint in the Circuit Court of Cook County on March 19, 1980 against Gagliano and Mark IV, seeking a judgment for the unpaid premium balance totaling $235,366.37, due as of September 10, 1979. At the Circuit Court's direction, both Gagliano and Reliance filed a series of account statements to determine the unpaid balance. After Gagliano filed his final statement of account, admitting an indebtedness of $210,109.30, Reliance filed a motion for partial summary judgment for that amount. This motion was granted on October 15, 1980 and deemed a final, enforceable and appealable judgment on February 5, 1981. At the same time, Gagliano and Mark IV's cross-motion for reconsideration was denied on the merits and with prejudice. The time period for Gagliano to appeal the Circuit Court judgment has expired.

Gagliano did not make any payments on the judgment for $210,109.30. In 1983 he filed a Chapter 7 petition in bankruptcy and scheduled the debt owed to Reliance.

Subsequently, Reliance filed a complaint objecting to the dischargeability of its debt. Gagliano's response to the complaint was followed by Reliance's motion for summary judgment. The motion alleged that the pleadings and the affidavits demonstrated that no genuine issue of fact remained on whether the debt was based on a commission of defalcation by Gagliano while acting in a fiduciary capacity.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure, made applicable by Rule 9014 of the Rules of Bankruptcy Procedure, states that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The plaintiff, as the moving party, has the burden of showing that there is no genuine issue as to all material facts which support its theory. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The question is whether the issue of nondischargeability as to the debt Gagliano owes Reliance can be decided on the basis of the evidence before the court or whether an additional hearing will be necessary.

Reliance contends that its claim is nondischargeable under 11 U.S.C. § 523(a)(4), which provides in relevant part:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.

11 U.S.C. § 523(a)(4) (West 1984).

To determine if Reliance can be granted a summary judgment as to its section 523(a)(4) claim, two questions must be answered: (1) whether Gagliano was acting in a fiduciary capacity in collecting the insurance premium for Reliance; and (2) if so, whether the debt owed by Gagliano while acting as a fiduciary was based upon the commission of defalcation.

■ To be a fiduciary for dischargeability purposes, the debtor must be acting as a trustee under an express or technical trust. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934). The trust must exist prior to the act creating the debt. *In re Pedrazzini*, 644 F.2d 756 (9th Cir.1981).

■ A fiduciary relationship may exist where a state statute has defined the particular relationship as fiduciary. *In re Whitlock*, 449 F.Supp. 1383, 1390 (W.D. Mo.1978). The state statute creating the fiduciary relationship, however, must impose a trust on the funds prior to the act creating the debt and spell out fiduciary duties. *In re Johnson*, 691 F.2d 249, 253 (6th Cir.1982).

■ Section 505 of the Illinois Insurance Code specifically provides that an agent who collects premiums holds them in a fiduciary capacity. Ill.Rev.Stat. Ch. 73, § 1065.52 (1981). The Illinois statute creates the trust independently of the act giving rise to the debt and imposes the fiduciary duty of remitting the funds to the insurance company without misappropriating, converting or illegally withholding them. In the present case, Gagliano acknowledges the existence of the fiduciary relationship under the Illinois Insurance Code. Gagliano does not contest the fact that he was acting in a fiduciary capacity in collecting insurance premiums on behalf of Reliance.

Once a fiduciary relationship between two parties has been found to exist, the second issue in determining the nondischargeability of a claim under Section 523(a)(4) of the Bankruptcy Code, is whether the fiduciary has committed defalcation. Gagliano contends that the commission of defalcation requires more than a showing that a fiduciary has been unable to turn over money from the collection of premiums in his fiduciary capacity. He argues that a holding of nondischargeability requires a finding that the debtor intentionally diverted or misappropriated funds. There is no support for the argument that the creditor has the burden of proving wrongful intent by the debtor as an element of defalcation.

In the leading case of *Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510 (2d Cir.1937), (construing § 17(a)(4) of the Bankruptcy Act, which is substantially similar to § 523(a)(4) of the Bankruptcy Code), the court rejected the contention that a holding of nondischargeability must be based on a finding of intentional wrongdoing by the debtor. *Herbst* concluded that the mere taking of money entrusted to a fiduciary constitutes defalcation. *Id.* at 511.

■ Subjective intent to violate a fiduciary duty is irrelevant in the determination of defalcation for dischargeability purposes. *In re Johnson*, 691 F.2d at 257; *In re Kawczynski*, 442 F.Supp. 413, 418 (W.D. N.Y.1977); *In re Gonzales*, 22 B.R. 58, 59 (BAP, 9th Cir.1982); *In re Niven*, 32 B.R. 354, 355 (Bkrtcy.W.D.Okla.1983); *In re Byrd*, 15 B.R. 154, 156 (Bkrtcy.E.D.Va. 1981). In the *Herbst* case, Judge Learned Hand noted that defalcation in the bankruptcy context may involve an innocent default by a fiduciary who for any reason was short in his accounts. 93 F.2d at 512.

Thus, objective standard is used in determining whether a defalcation exists. *In re*

*Johnson,* 691 F.2d at 255. In *Johnson,* a builder used monies he received from the owners as a fiduciary for non-project expenses while a substantial portion of his debt to a supplier for materials used in the building project remained unpaid. The court in *Johnson* concluded that defalcation includes a "mere deficit" in the proper payment of money that has come into a person's possession in a fiduciary capacity. *Id.* In explaining the objective standard the *Johnson* court stated that a person who is a fiduciary has a special legal status with respect to another with attendant duties and high standards of dealing. *Id.* at 256.

In the instant case, Gagliano collected premiums as a fiduciary and failed to remit them to Reliance. In a final statement of indebtedness submitted to the Circuit Court of Cook County, Gagliano acknowledged an indebtedness to Reliance of $210,109.30. Thus, Gagliano admits that he failed to make payments due Reliance even though as an insurance agent he acted in a fiduciary capacity.

 Reliance is not required to show any intentional wrongdoing or bad faith by Gagliano.* Gagliano's failure to pay Reliance the amount of premiums due in his fiduciary capacity as an insurance agent is sufficient to constitute defalcation. Therefore, the debt which Gagliano owes Reliance is based upon defalcation while acting in a fiduciary capacity. Pursuant to Section 523(a)(4) of the Bankruptcy Code this debt is not dischargeable.

Gagliano has failed to raise any triable issues of fact. He has admitted that he was acting in a fiduciary capacity in collecting the insurance premiums and that he owes Reliance $210,109.30. The element of intent is not necessary to prove in the commission of defalcation for bankruptcy purposes.

---

* The debtor's argument is based on the fact that he did not have the intent required for a finding of nondischargeability. As the court has stated, no intentional diversion of funds is required in order to determine that a debt is nondischargeable under section 523(a)(4). However, intent is required to support an allegation of "willful"

WHEREFORE, IT IS HEREBY ORDERED that Reliance's motion for summary judgment is granted and the debt is declared to be nondischargeable in the amount of $210,109.30 plus interest accrued from the date of the final judgment by the Circuit Court of Cook County to the date of the filing of the debtor's petition in bankruptcy at the statutory rate.

conversion by an agent under section 523(a)(6). Even under that section, the requisite intent can be implied from an act performed with knowledge that the creditor's interest will be harmed. *United Bank of Southgate v. Nelson,* 35 B.R. 766, 776 (N.D.Ill.1983).