**In the Matter of Richard Wilmot CAMPBELL, Debtor.**

**SECURITY TITLE AND GUARANTY COMPANY, Plaintiff,**

v.

**Richard Wilmot CAMPBELL, Defendant.**

**Bankruptcy No. 84–02628. Adv. No. 85–0036.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 5, 1986.

Jerome Bill Ullman, John Rodgers Camp, Jr., Miami, Fla., for Security Title & Guaranty Co.

Charles W. Matthews, Tampa, Fla., formerly for debtor.

## MEMORANDUM OPINION

ALEXANDER L. PASKAY, Bankruptcy Judge.

This adversary proceeding having come on for trial on January 29, 1986, and the Court having considered the evidence and the arguments presented, now publishes this opinion.

Security Title and Guaranty Company, Plaintiff, in its complaint asserts that a certain debt owed to it by Richard Wilmot Campbell, Defendant, is nondischargeable in bankruptcy pursuant to section 523(a)(4) and (6) of the Bankruptcy Code.[1]

Defendant, from 1970 to 1974, was the president, chief operating officer, and majority stockholder of All Florida Title Research Co., Inc. All Florida, during that period of time, engaged in selling title insurance for Plaintiff in Florida and, as part of the sales, collected premiums for Plaintiff which All Florida was obligated to remit to Plaintiff. All Florida also handled the closings on real estate sales for Plain-

1. 11 U.S.C.A. § 523(a)(4), (6) (West 1979).

tiff and, as part of the closings, received and distributed trust funds on behalf of Plaintiff. In 1974, All Florida suffered financial problems, and it was necessary for Plaintiff to step in and close down the business of All Florida. After audits were done on the books of All Florida, it was determined that All Florida had failed to remit to Plaintiff $26,796.12 in premiums which All Florida had collected for Plaintiff, and that All Florida had improperly withdrawn $10,635 in trust funds which Plaintiff was required to replace so that final distribution could be made on certain real estate closings.

Plaintiff subsequently brought suit in the Circuit Court for Hillsborough County, Florida, against All Florida and Defendant, and by final judgment dated July 28, 1977, obtained a joint and several judgment against All Florida and Defendant for the $26,796.12 in premiums and the $10,635 in trust funds. Plaintiff asserts that this total award of $37,431.12 is nondischargeable in bankruptcy. Plaintiff bases its complaint on section 523(a)(4) and (6) of the Bankruptcy Code, which provides:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
>
> . . . .
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity; . . .

11 U.S.C.A. § 523(a)(4), (6) (West 1979).

██ Plaintiff contends that Defendant was a fiduciary within the meaning of section 523(a)(4), and that Defendant's failure to account for the funds in question is a defalcation. Black's Law Dictionary defines defalcation as a "misappropriation of trust funds or money held in any fiduciary capacity; failure to properly account for such funds."[2] To meet the requirements of section 523(a)(4), the debtor must be acting under an express or technical trust. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934); *Reliance Insurance Co. v. Gagliano (In re Gagliano)*, 44 B.R. 259, 261, 12 Bankr.Ct.Dec. 587, 588 (Bankr.N.D.Ill. 1984); *Greyhound Lines, Inc. v. Thurston (In re Thurston)*, 18 B.R. 545 (Bankr.M.D. Ga.1982). Since Plaintiff is unable to point to a trust agreement or statute that creates a trust as to the $26,796.12 in premiums which Defendant collected for Plaintiff, Plaintiff has failed to demonstrate that Defendant was acting in a fiduciary capacity as to the $26,796.12. Concerning the $10,-635 that Defendant was required by contract to hold in a trust account, Plaintiff has demonstrated the necessary fiduciary capacity. Since Defendant failed to account for the $10,635 in trust funds, he committed a defalcation, which renders that sum nondischargeable under section 523(a)(4).

Plaintiff contends that the $26,796.12 in premiums is nondischargeable because Defendant embezzled the funds or committed larceny. In discussing section 523 of the Bankruptcy Code, the former Fifth Circuit Court of Appeals has noted:

> The overriding purpose of the bankruptcy laws is to provide the bankrupt with comprehensive, much needed relief from the burden of his indebtedness by releasing him from virtually all his debts. . . . To this end, the courts have narrowly construed exceptions to discharge against the creditor and in favor of the bankrupt. . . . Accordingly, the burden of proof lies with the creditor to demonstrate that the particular debt falls within one of the statutory exceptions. . . . The exceptions to discharge were not intended and must not be allowed to swallow the general rule favoring discharge.

*Murphy & Robinson Investment Co. v. Cross (In re Cross)*, 666 F.2d 873, 879–80 (5th Cir.1982) (Unit B) (citations omitted). *See also Lowe v. Roberto's, Inc. (In re Roberto's, Inc.)*, 18 B.R. 551, 555 (Bankr.S. D.Fla.1982); *Maco Federal Credit Union*

---

**2.** Black's Law Dictionary 375 (5th ed. 1979).

v. *Adair (In re Adair)*, 17 B.R. 456, 460 (Bankr.N.D.Ga.1980).

■ In adversary proceedings in which a creditor seeks to have a debt determined to be nondischargeable, the burden is upon the objecting creditor to prove his case by clear and convincing evidence. *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir.1986). The Court has considered the evidence presented to it and is unable, by clear and convincing evidence, to determine that Defendant either through embezzlement or larceny misappropriated any of the $26,796.12. Plaintiff has demonstrated that the funds were missing, but Plaintiff has not demonstrated that the funds are missing because of Defendant's intent to defraud Plaintiff. Defendant's undisputed testimony is that he did not personally take any of the $26,796.12.

Plaintiff next contends that the $26,-796.12 debt is nondischargeable under section 523(a)(6). Plaintiff contends that the debt resulted from willful and malicious injury to its property. The Eleventh Circuit Court of Appeals in *Miller v. Held (In re Held)*[3] noted the following:

[B]y adopting the requirement that the conversion be willful and malicious, Congress expressly overruled prior caselaw that had refused dischargeability when the conversion occurred innocently or recklessly. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6320–21 ("reckless disregard" standard of *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902), and progeny, which refused dischargeability to conversions recklessly done, overruled); *see also* 3 *Collier on Bankruptcy* ¶ 523.16[3] (L. King 15th ed. 1984) (conversion without conscious intent to violate rights of another or under mistake or misapprehension is dischargeable even though debtor acted recklessly) ...

734 F.2d at 629–30.

■ Plaintiff has not demonstrated that Defendant willfully and maliciously injured Plaintiff's property. The record discloses that it is more likely that the loss resulted

3. 734 F.2d 628 (11th Cir.1984).

from the reckless conduct of Defendant, and therefore section 523(a)(6) does not bar the dischargeability of Defendant's debt.