In re Ray HOLZMAN, Debtor.

M.P. INDUSTRIES, INC.; Midwest Precision Castings Company; Midwest Alloys, Inc. and Midco Industries, Inc., Plaintiffs,

v.

Ray HOLZMAN, Defendant.

Bankruptcy No. 86–00098–BKC–TCB.
Adv. No. 86–0218–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

May 22, 1986.

Phillip M. Hudson, III, Britton, Schantz & Schatzman, P.A., Miami, Fla., for plaintiffs.

Rozalyn Landisburg, North Miami Beach, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

Four judgment creditors seek exception from discharge of their judgments under 11 U.S.C. § 523(a)(2)(A) or (6). There is no evidence in the record before me to support the allegation under § 523(a)(6). Alternatively, plaintiffs have opposed the debtor's discharge with general allegations under § 727(a), but at trial plaintiffs acknowledged that they had no basis to oppose the debtor's discharge under § 727. The debtor has answered and the matter was tried on May 8.

Plaintiffs rely exclusively upon the collateral estoppel effect of their Missouri "judgment" in a civil action for conspiracy to defraud brought against this debtor and several other defendants. The claims of the four plaintiffs who are before me are asserted as the first four counts in that action, which was tried to a jury in November 1983. The records of the Missouri court do not reflect the entry of any separate judgment upon the jury verdict, but plaintiffs represent that the court's docket sheet reflecting the jury verdict constitutes a judgment. This representation, which is not disputed by the debtor is accepted by me.

The docket of the Missouri court, pages 14 through 20, reflects an award of $455,-000 in favor of the plaintiff M.P. Industries, Inc., an award of $11,500 in favor of the plaintiff Midwest Precision Castings Co., an award of $23,500 in favor of the plaintiff Midwest Alloys, Inc., and an award of $800 in favor of the plaintiff Midco Industries, Inc., or an aggregate of $490,800 against this debtor. This record does not reveal what part, if any, of these four awards has been satisfied by payment either from this debtor or the other judgment debtors.

The debtor denies that he was ever properly served with process and argues that the Missouri court did not have jurisdiction over his person. The debtor also denies that the claims of these four creditors fall within the provisions of § 523(a)(2)(A).

It was settled in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), that the principles of res judicata do not preclude relitigation in this court of the question of dischargeability of a debt in bankruptcy. However, the Supreme Court noted that it was not required to and, therefore, did not decide whether in a dischargeability action collateral estoppel effect should be given to a prior State judgment so as to bar the relitigation of those questions actually and necessarily decided in the prior suit. *Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10. The doctrine of collateral estoppel has since been recognized as applicable in this context. *Miller v. Held (In re Held)*, 734 F.2d 628, 629 (11th Cir.1984). The court said:

> The doctrine of collateral estoppel bars relitigation of an issue if three requirements are met:
>
> (1) that the issue at stake be identical to the one involved in the prior litigation; (2) that the issue have been actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation have been a critical and necessary part of the judgment in that earlier action.

The issue at stake in the Missouri litigation was identical to the issue asserted as a basis for exception from discharge here

under § 523(a)(2)(A). The determination of that issue in the Missouri litigation was a critical and necessary part of the judgment of the Missouri court. The debtor's avoidance of the impact of that adjudication is focused on his contention that the issue was not "actually litigated" in Missouri.

I find that the debtor through counsel filed an answer to the third amended petition in the Missouri litigation on January 25, 1983. Three days later, that court permitted the debtor's attorney to withdraw. Four days later, a new attorney appeared on behalf of the debtor and six days thereafter, the debtor was deposed by the plaintiff. Eleven days after the deposition, the debtor's second attorney was permitted to withdraw.

Four months later, plaintiff filed a fourth amended petition. The debtor did not appear at a pretrial conference held August 26, 1983 and there is no record that he appeared at the jury trial or thereafter.

■ I find that the Missouri court had jurisdiction over his person and reject the debtor's argument that he was not properly served, that he was improperly represented, that he did not know that he was being sued and that he thought he was assisting a criminal prosecution against someone else. I reject these defenses not only because the debtor through counsel filed an answer waiving any objection to service, but also because in a subsequent levy of execution of this judgment in Missouri upon the debtor's real property, this debtor attacked the judgment on the same ground he asserts here. That contention was rejected by that court and that order which was not appealed has become final. It is res judicata as to this defense.

In *Continental Can Co., U.S.A. v. Marshall*, 603 F.2d 590, 596 (7th Cir.1979), the court said:

> The requirement of collateral estoppel that the issue be "actually litigated" does not require that the issue be thoroughly litigated. Collateral estoppel may apply "no matter how slight was the evidence on which a determination was made, in the first suit, of the issue to be collateral-

ly concluded." ... This requirement is generally satisfied if the parties to the original action disputed the issue and the trier of fact resolved it.... Any other result would permit a litigant to avoid the conclusive effect of collateral estoppel, by design or by inadvertence, by denoting as irrelevant an issue clearly raised by his opponent and by refusing to introduce evidence on the issue. We do not condone such tactics whether used by a private litigant or by the Government.

This debtor's pattern of conduct in the Missouri litigation was continued in this court. On the eve of the trial of this matter, he requested the withdrawal of his attorney on the ground that he was unable to pay her. I denied counsel leave to withdraw. I do not find credible this debtor's testimony that he did not know he had been sued in Missouri and that his Missouri attorneys were either incompetent or betrayed him. I do not know why the debtor failed to participate with his co-defendants in the defense of the Missouri action, but I am convinced that he did so by design rather than by ignorance or inability to pay his counsel.

In *United States Life Title Insurance Co. v. Dohm, (In re Dohm)*, 19 B.R. 134, 138 (N.D.Ill.1982), the district court affirmed a bankruptcy court's finding of exception from discharge which gave collateral estoppel effect to a state court judgment. The court said:

> Dohm, in addition, argues that he was without counsel in the state court proceeding and that the trial judge denied him a fair trial. The argument, however, does not disturb the estoppel effect. The state court's adjudication was a final judgment. If Dohm believed the adjudication was unfair in any way, his remedy was to appeal.

I am satisfied that the issue of this debtor's actions constituting fraud against the four plaintiffs was actually litigated and resolved against him by the jury in Missouri. In order that this record be complete, I received testimony from the debtor deny-

ing plaintiffs' charges of fraud. However, I find no basis to deny the Missouri judgment effect as collateral estoppel of that issue.

 I find, therefore, that the debt fixed by the Missouri court to the four plaintiffs is for money obtained by false pretenses, a false representation, or actual fraud on the debtor's part and each such debt is, therefore, excepted from discharge under § 523(a)(2)(A).

As is required by B.R. 9021(a), a separate judgment will be entered in accordance herewith. Costs may be taxed on motion.