**In re William J. ANDERSON, Debtor.**

**BLACKHAWK B.M.X., INC., Plaintiff,**

v.

**William J. ANDERSON, Defendant.**

**Bankruptcy No. 85 B 21522.**
**Adv. No. 86 A 2022.**

United States Bankruptcy Court,
N.D. Illinois, W.D.

Aug. 26, 1986.

Duke C. Harris, South Beloit, Ill., for plaintiff.

James M. Hess, Rockford, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This case comes before the Court on the Complaint of Blackhawk B.M.X., Inc., (Blackhawk) to Determine the Dischargeability of a Debt. Blackhawk is represented by Attorney Duke C. Harris. The Debtor is represented by Attorney James M. Hess.

The following Memorandum Opinion and Order shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The facts as adduced at trial are as follows: In the late winter of 1982 or early spring of 1983, the Debtor and others formed Blackhawk, an Illinois not-for-profit corporation. The purpose of Blackhawk was to take over and refurbish a local bicycle track and sponser competitive bicycle races. Blackhawk earned revenues through entry fees and concessions. The revenues were used to pay for the refurbishing and continued support of the races.

The Debtor assumed the position of secretary-treasurer of Blackhawk. There was no formal action, but rather the promoters of Blackhawk who had the time to serve volunteered to become the corporate officers. The officers received no compensation. The promoters and officers were parents of children who enjoyed racing their bicycles. Blackhawk was formed to give the kids the opportunity to race.

Typically, after a race, which was held on a weekend, the Debtor would collect the gate and concession receipts. He would then deposit them in the corporate account sometime the next week. In the summer of 1984, the Debtor went through a divorce, several moves and developed health problems due to diabetes. During this time, the Debtor failed to deposit the proceeds from three races in the corporate account. Instead, he kept the money in a paper bag in his desk at home. Sometime during his three moves, most of the money disappeared.

In June of 1984, Mr. Milford J. Davis discovered that the corporate account had been closed by the bank and several checks written on the account had been returned NSF. Mr. Davis confronted the Debtor about the situation. In early July, 1984, Mr. Davis assumed the responsibilities of treasurer. At that time, the Debtor acknowledged the loss of the money and agreed to pay it back. At the urging of other officers of Blackhawk, and concerned parents, the Debtor signed a note in which he admitted responsibility for the loss of $1759.00 and agreed to repay it.

The Debtor subsequently defaulted on the note, and Blackhawk initiated small claims proceedings against him. The Debtor failed to appear at the trial and a default judgment was entered against him in the amount of $867.00 plus the costs of the suit. Blackhawk brings the present Complaint under Section 523(a)(4) of the Code, and requests the debt be found nondischargeable.

Section 523(a)(4) provides that:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

11 U.S.C. Section 523(a)(4). Blackhawk maintains that, while the Debtor was treasurer of the corporation, he appropriated corporate funds for his own use, or otherwise failed to properly account for them.

**334**

Under this theory, the creditor has the burden of proving that the Debtor was a fiduciary. The creditor must then prove that the Debtor committed a defalcation while a fiduciary. *In re Gagliano*, 44 B.R. 259 (Bankr.N.D.Ill.1984). The proof must be by clear and convincing evidence. *In re Bevilacqua*, 53 B.R. 331 (Bankr.S.D.N.Y. 1985).

██ In order to show that the Debtor was a fiduciary, the court will often look to state law. *In re Thomas*, 21 B.R. 553 (Bankr.E.D.Wis.1982). However, there must be an actual or express trust, and not one implied by law resulting from the wrongdoing of the debtor. *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Cit. 151, 79 L.Ed. 393 (1934).

██ In Illinois, agents and officers of a corporation are fiduciaries of the corporation. Ill.Rev.Stats. ch. 17, Section 2001(1). The evidence shows that the Debtor was treasurer for Blackhawk. Under Illinois law, the treasurer of a corporation is an officer or agent. Ill.Rev.Stats. ch. 32, Section 8.50. The evidence also shows that the Debtor was entrusted with the revenues generated by the corporation at the various races sponsored by Blackhawk. For the purposes of Section 523(a)(4), the Debtor was a fiduciary of Blackhawk.

██ For the purposes of Section 523(a)(4), the creditor need not show any wrongdoing on the part of the Debtor to prove a defalcation by a fiduciary. Under Section 17(a)(4) of the former Bankruptcy Act, Justice Learned Hand found that defalcation did not contemplate fraud or dishonesty. Rather, because of the special trust given to a fiduciary, defalcation includes innocent defaults in duty. *Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510 (2nd Cir.1937).

██ Recent case law defines defalcation as a "failure to meet an obligation; misappropriation of trust funds or money held in any fiduciary capacity; failure to properly account for such funds." *In re Alvey*, 56 B.R. 170 (Bankr.W.D.Ky.1985). Finally, in *Gagliano*, the court found that an insurance agent who failed to remit collected premiums to the insurance company had committed a defalcation. There was no proof of what happened to the money. There was merely proof of collection and the debtor's failure to pay over the sums collected.

██ In the case at bar, there is no evidence of wrongdoing by the Debtor. His uncontroverted testimony, which the Court is prepared to believe, is that the money must have been stolen. However, the inescapable fact is that the money disappeared after the Debtor failed to promptly deposit it in the corporation's account. This was a breach, rising to the level of a defalcation, of the Debtor's fiduciary responsibility to Blackhawk within the meaning of Section 523(a)(4). The defalcation occurred before Mr. Davis assumed the duties of treasurer. Therefore, there was a defalcation at the time the Debtor was a fiduciary of Blackhawk.

The Debtor argues that the underlying debt, arising from the Debtor's breach of his fiduciary duty, was extinguished upon the signing of the note, and that the phoenix which arose from the ashes is therefore a dischargeable debt within the meaning of Section 524(a).

██ Generally, a note is mere evidence of a debt. However, if the note was given in satisfaction of the underlying claim, it will be considered a novation and is dischargeable in bankruptcy. *In re Kelly*, 259 F.Supp. 297 (N.D.Ca.1965). Because proof of a novation is an affirmative defense, the Debtor has the burden of proof by clear and convincing evidence. *In re Jones*, 12 B.R. 199 (Bankr.D.S.C.1981).

In order to determine whether the note was given as evidence of a debt or as a novation, the Court may look at the terms of the note and the underlying circumstances. *In re Poss*, 23 B.R. 487 (Bankr.E.D. Wis.1982); *In re Bevilacqua*. In this case

the note provides, in pertinent part, "I, William Anderson, agree that I am responsible for $1759.00 of Blackhawk B.M.X. Inc., funds." The testimony of the Debtor indicates that, although there may have been talk of a suit to collect the funds, no suit was ever threatened. Mr. Davis testified that no suit was ever discussed, and, in fact, when the Debtor defaulted on the note, suit was brought on the basis of the Debtor's loss of the funds, not the note.

The notes in *Kelley* and *Poss* provided, specifically, that they were given in satisfaction of the underlying claims. The note in *Gagliano* specifically provided that it was the mere evidence of the debt. The note in this case does neither. The evidence of the Debtor provides little insight to why the note was signed. The testimony of Mr. Davis tends to show that the officers and parents involved with Blackhawk merely wanted something in writing; an admission. The Debtor has failed in his burden. The judgment debt is not discharged.

Blackhawk also requests attorney fees and costs involved in the prosecution of this adversary proceeding. The American rule is that, absent a statutory or contractual exception, the parties to a lawsuit must bear their own costs. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Neither exception has been alleged in this case. The request will be denied.

IT IS SO ORDERED.